In the Matter of the Application of the City of New York, Relative to Acquiring Title, etc., for the Opening and Extending of Roosevelt Avenue, from Woodside Avenue to Wateredge Avenue; the Public Place, Bounded by Roosevelt Avenue, Elmhurst Avenue and Case Street; the Public Place, at the Intersection of Roosevelt Avenue with Louona Avenue; the Triangular Area, Bounded by Roosevelt Avenue, the Easterly Line of Vaux Street and Woodside Avenue; the Triangular Area, Bounded by Roosevelt Avenue, the Easterly Line of Warner Avenue and the Southerly Line of Aske Street; Sackett Street, from Roosevelt Avenue to Forty-second Street; and Louona Avenue, Where It Adjoins the Public Place at Roosevelt Avenue, etc.

The City of New York, Appellant; George R. Jenkins and Others, Respondents.

Second Department, May 16, 1919.

Municipal corporations — city of New York — street opening proceeding — error of commissioners in awarding consequential damages — covenant limiting use of land construed.

An award of consequential damages in a street opening proceeding on the assumption that the reduction in the area of the claimant's lots by taking the land in the damage parcels prevented their use until the time fixed for the termination of covenants of restriction was erroneous.

The commissioners could not predetermine that a court of equity would not in the exercise of its judicial discretion specifically enforce the covenants of restriction.

Covenants limiting the use of land should be strictly construed.

A covenant that not more than one dwelling shall be erected or permitted upon or within the area of each parcel of land consisting of two adjoining lots does not prohibit one dwelling upon a lesser area.

The commissioners erred in awarding as consequential damages to the part of the plots remaining after the specified damage parcels were taken " the rental value of the balance of the premises for the unexpired term of the restrictions." The award should be made as if the restrictions did not prohibit buildings on the plots reduced in area by taking the damage parcels.

Appeal by the City of New York from so much of an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of

Queens on the 7th day of March, 1917, as confirms the final separate report as to awards for damage made by the commissioners of estimate for damage parcels numbered 93, 94, 103, 104, 106, 122, 123, 126, 127, 135, 136, 137, 138, 139, 140, 146, 147, 148, 151, 152, 155, 156, 157, 158, 159, 160, 162, 163A, 164, 165, 168, 169, 171, 172, 175, 176, 177, 178, 179 and• 180.

*Joel J. Squier [William P. Burr, Corporation Counsel,* with him on the brief], for the appellant.

*Philip B. LaRoche, Jr.,* for the respondents Victor F. Moore and others.

*Francis P. O'Connor,* for the respondents, owners of damage parcels 177, 178, 164, 165, 160, 179, 180.

*John R. McMullen,* for the respondent Charles S. Estes.

*I. E. Bermant [Henry Herz* with him on the brief], for the respondents, owners of damage parcels Nos. 93, 94, 103, 104, 138, 139, 140 and 163A.

PER CURIAM:·

We think the commissioners erred in awarding consequential damage on the principle set forth by them in the statement of the chairman appearing at page 388 of the case. It appears by that statement that the commissioners made the award on the assumption that the reduction in area of the claimants' lots, by taking the land in the damage parcels involved in this appeal, prevented their use until the time fixed for the termination of the restriction.

Although we think that the restrictions were for the benefit of the vendor and did not create a negative easement as between the different grantees, and that it is doubtful whether, under the conditions shown to exist, equity would enforce them, yet these considerations would not justify the .commissioners in assuming that they are not enforcible. The commissioners were right in deciding that they could not predetermine that a court of equity would not, in the exercise of its judicial discretion, specifically enforce the covenants

Second Department, May, 1919.          [Vol. 188.

of restriction. They took the situation as it existed, and the lots, except those still owned by the vendor, were subject to a covenant of restricted use, valid on its face.

But we think that the restrictions do not prohibit building on the claimants' lots from which such portions were taken as to leave them with an area of less than 40 feet by 100.

The wording of that part of the covenant pertinent to the question we are considering is as follows: " That not more than one such dwelling shall be erected or permitted upon or within the area of each parcel of land consisting of two adjoining lots fronting upon the same Street as delineated upon the map referred to herein." The lots were each twenty feet on the street. The city, by taking the damage parcels mentioned in the notice of appeal, reduced the width of each pair of lots below forty feet, and consequently the area of each plot of " two adjoining " lots. The words of the covenant above quoted prohibit more than one dwelling upon or within the area of forty feet fronting on the street by one hundred feet in depth; but do not in terms prohibit one dwelling upon a lesser area; and covenants limiting the use of land should be strictly construed. If the owner of two adjoining lots from the side of which a slice has been taken by the condemnation, should build a dwelling on the remaining portion, there would be only one building within the area of the two adjoining lots. For illustration: damage parcel 122 takes a slice of land two and forty-two one-hundredths feet wide on the intersecting street, and three and twenty-four one-hundredths feet wide in the rear. The owner retains a lot thirty-seven and fifty-eight one-hundredths feet wide fronting on the street shown on the map, one hundred feet deep, and thirty-six and seventy-six one-hundredths feet wide in the rear. The restrictions were not intended to and do not prevent building on the remaining plot. Such building would not violate the letter of the restriction; and having regard to conditions created by the opening of a street not in accordance with the plotting of the map with reference to which the property was sold, we think it would not violate the spirit. The commissioners erred in awarding as consequential damage to the part of the plots remaining after the specified damage parcels were taken, " the rental value of the balance of the premises for the unexpired

term of the restrictions." The award should be made as if the restrictions did not prohibit building on the plots reduced in area by taking the damage parcels.

The order of the Special Term is reversed in so far as it confirms the award made for damage parcels 93, 94, 103, 104, 106, 122, 123, 126, 127, 135, 136, 137, 138, 139, 140, 146, 147, 148, 151, 152, 155, 156, 157, 158, 159, 160, 162, 163A, 164, 165, 168, 169, 171, 172, 175, 176, 177, 178, 179, 180; and as to such parcels it is referred back to the commissioners of estimate to take such evidence as may be offered and to determine and report the awards for such parcels by a method consistent with this opinion.

JENKS, P. J., RICH, PUTNAM, BLACKMAR and JAYCOX, JJ., concurred.

Order in so far as appealed from reversed, without costs, and matter referred back to the commissioners to take such evidence as may be offered and to determine and report the awards for the damage parcels as to which the order is reversed by a method consistent with the opinion. Order to be settled before Mr. Justice BLACKMAR.