UNITED STATES ex rel. and for Use of
TENNESSEE VALLEY AU-
THORITY

v.

7.2 ACRES OF LAND IN SULLIVAN
COUNTY, TENN., et al.

No. 713.

United States District Court
E. D. Tennessee,
Northeastern Division.

Dec. 23, 1953.

J. C. Swidler, Tennessee Valley Authority, Knoxville, Tenn., for plaintiff.

E. F. (Jack) Smith, Penn, Hunter, Smith & Davis, Kingsport, Tenn., for defendants.

Before DARR, DAVIES, and ROBERT L. TAYLOR, District Judges.

PER CURIAM.

This case was recently heard by a three-judge court on the landowner's exception to an award filed by the three Commissioners appointed by the District Judge in a condemnation proceedings brought by the United States of America for the benefit of the Tennessee Valley Authority under Section 25 of the Tennessee Valley Authority Act, 16 U.S.C.A. § 831x.

The proceedings were instituted by plaintiff in the usual manner by filing a complaint and a declaration of taking on September 29, 1951. The amount tendered into court for the property was $26,000, $23,500 of which has been withdrawn by the defendant landowner. The Commission, after hearing considerable proof from various witnesses on the question of value, made an award of $20,000. The findings of the Commission recite that the value was fixed on the property as property burdened with a dormant restriction. The landowner insists that the Commission erred in considering the property as restricted property in determining the value of it. The landowner insists that the Commission should have found that the property was being used for lodge purposes, and had been so used for a period of four years, at the time it was condemned without complaint from anyone and that by reason of this circumstance and other circumstances shown in the record, the property was held by it free of all restrictions. Tennessee Valley Authority insists that the landowner held the property subject to the restriction for use for residential purposes, one family residence, and that although the landowner was using the property in violation of this restriction at the time it was condemned the landowner is not entitled to profit by its violation of the restrictions. Tennessee Valley Authority insists further that the restriction is a restriction running with the land and that the Commission should have made the award on the basis that the property was exclusively restricted to residential property, and that the fact that no one had complained of the landowner's use in violation of the restriction should not have been considered in fixing the value. Neither the complaint nor the declaration of taking refers to the restriction. The same is true as to the order of the court entered on the declaration of taking. So that so far as the pleadings and the order of the court entered pursuant thereto reveal, the plaintiff purported to take a fee-simple title to the property. After the landowner had introduced a considerable portion of its proof, and while the witness Brooks was on the witness stand and being cross-examined by plaintiff's attorneys, he filed the deed from the Hawkins County Land Company to himself and wife, Bessie N. Brooks, dated September 17, 1945, which contains the following provisions:

"The parties of the second part, for themselves their heirs and assigns, covenant and agree that the tract hereby conveyed shall be used exclusively for residence purposes;

that *that* only one single family residence shall be *erected* thereon; that said residence shall cost not less than $5000.00; and that all buildings on said tract shall be located not less than 15 feet from the line between said tract and the street, road or drive on which same is located.

\*　\*　\*　\*　\*　\*

"The party of the first part covenants and agrees that the restrictions set out in this deed shall be binding on all other property in said subdivision of Holston Hills, and none of said property shall be used or conveyed except with same restrictions as set out in this deed.

"All covenants and agreements by the parties hereto shall be held and considered as covenants and agreements running with the land."

The deed from Andrew Brooks and wife, Bessie N. Brooks, to defendant, Kingsport Lodge No. 972, Loyal Order of Moose, incorporated the foregoing restriction by words of reference.

Counsel for plaintiff in argument stated that the Tennessee Valley Authority did not know of this restriction at the time it filed its complaint and declaration of taking with tender of $26,000. Counsel's argument indicated that the Tennessee Valley Authority did not know of this restriction until the Brooks deed was filed as an exhibit to the record. It was not indicated by counsel for the landowner as to whether the landowner knew of the restriction before the Brooks deed was filed. Counsel for the landowner stated that the restriction was never mentioned during the negotiations of the parties for the sale and purchase of the property, or during the court proceedings until the Brooks deed was filed at the hearing before the Commissioners. Soon after the Brooks deed was filed, or sometime during the proceedings before the Commissioners, counsel for Tennessee Valley Authority objected to the testimony of the witnesses who undertook to place a value on the land without the restric-

tions. Counsel for the landowner objected to the testimony of the witnesses who placed a value on the property as restricted property.

The Commissioners took these objections under advisement and did not rule upon them until they handed down their written opinion in the case. The Commissioners did give the landowner an opportunity to introduce proof as to the value of the property as restricted property but the landowner did not see fit to avail itself of this opportunity. The Commissioners did not urge them to or require them to introduce proof in the alternative. Because of this freedom of action left to the property owners there occurs this gap in the record, namely, the absence of adequate testimony on the part of respondents as to the value of the property with restrictions.

██ It is the court's view that the Commissioners should have announced their rulings on points of law as the questions arose and required both sides to develop their proof accordingly. It is the further view of the court that the record shows that Tennessee Valley Authority over-emphasized the value of the property for exclusive residential purposes and that the landowner over-emphasized the reproduction-costs basis for determining value. It is the view of the court that Commissioners were correct in considering the restriction in the Brooks deed as a dormant restriction of the property for one-family residential purposes. The Commissioners were likewise correct in considering the fact that no one had objected to the use of the property by the defendant for lodge purposes in violation of the restrictions over the period of time shown in the record. In support of the position taken by the Commissioners see In re Roosevelt Avenue in City of New York, 1919, 188 App.Div. 106, 176 N.Y.S. 374; and United States v. 11.06 Acres of Land, etc., D.C.E.D.Mo.1950, 89 F.Supp. 852.

In this connection the court is of the opinion that the Commissioners attached

too much importance to this dormant restriction in view of the location, area, adaptability and topography of this particular tract. Counsel for Tennessee Valley Authority in the argument stated that the tract was so rugged that a residence could not be built on it except at the place where the present buildings are located without prohibitive expense.

In view of the foregoing the court is of the opinion that this case should be referred back to the Commission for the purpose of requiring each party to introduce proof on the fair market value of the property on the date it was condemned. Pertinent inquiry at first is this. What was the status of the property, both with respect to its title and with respect to its use at the time of the taking? It is undisputed that Tennessee Valley Authority intended to acquire a fee-simply title clear of any and all clouds. The Commissioners, however, are concerned solely with what Tennessee Valley Authority took from the defendant. Defendant has a right to be compensated for what was taken from it and for no more. Tennessee Valley Authority should be required to pay for what it took from defendant but for no more, regardless of what it may later find it is required to take from others or the effect its taking from defendant may have upon the property in the hands of Tennessee Valley Authority.

The status of the property at the time of the taking was not that of a tract of land restricted in its use to a one-family residence. That was a condition of its title, not a condition of its use. Actually it was being used for lodge purposes, a use that violated the restriction contained in the deeds. Its status was that of land used for lodge purposes, but with the possibility of having that use terminated by legal proceedings. In the report attending the award of the Commissioners this restriction was referred to as being dormant. This, in the court's opinion, correctly describes the situation. Accordingly, the hearing of proof upon the value of the land for one-family residential purposes only was the hearing of proof as to a property that did not exist. On the other hand, the hearing of proof as to land without restrictions was the hearing of proof as to land that did not exist. This land was being used as if it were unrestricted at a time when it was in fact restricted. Any purchaser of the property, therefore, would have included in his purchase the possibility of having the existing use terminated by litigation. The question then is this, what was the market value of this property in the status that existed at the time of the taking, which status has been indicated by the foregoing?

■ In support of the view that the condemnor acquires from the condemnee no more than the condemnee owned, see Hawaiian Gas Products v. Commissioner of Internal Revenue, 9 Cir., 126 F.2d 4, 5; Atlanta, K. & N. R. Co. v. Southern R. Co., 6 Cir., 131 F. 657, 666.

■ The measure of just compensation is not the value of the property in the hands of the taker, but the value of which the owner has been deprived. Kimball Laundry Co. v. United States, 338 U.S. 1, 5, 69 S.Ct. 1434, 93 L.Ed. 1765. Value means value at the time of the taking. Danforth v. United States, 308 U.S. 271, 283, 60 S.Ct. 231, 84 L.Ed. 240; United States v. Miller, 317 U.S. 369, 374–375, 63 S.Ct. 276, 87 L.Ed. 336.

■ There is no fixed rule of determining market value. Generally speaking such evidence should be received pertaining to the various features of the property that will aid the tribunal in fixing its market value. Reproduction cost is not the test of just compensation for the reason that just compensation does not mean indemnity or the redemption of property owners from what may have been bad bargains. Yet, reproduction cost is admissible for what use it may serve in reflecting the market value of the property. Also, all uses for which the property is available at the time of the taking are admissible in evidence. Conversely, restrictions upon those uses are admissible in evidence. Where

acreage is included in the taking, its topography, fertility, or lack of fertility, appearance, favorable or unfavorable, location with respect to other property, utilities, conveniences and aesthetic surroundings are also admissible for the reason that all those things affect market value. Also, location with respect to streets, public roads, highways, schools, churches, markets and places of amusement are elements which enter into the determination of value in the mind of a prospective purchaser. Absence of environment and conditions which add to value would on the other hand detract from the value of the property. These statements are made merely to illustrate rather than to exhaust the list of elements of value or matters to be considered in determining value.

In arriving at value it is not proper to evaluate buildings on the basis of materials piece by piece which went into their construction and fix the total by addition. Nor is it permissible to value buildings separately and parcels of ground separately and add the separate values to reach a total when the entire property is being acquired as a unit. The test in that particular is the market value of the unit taken. The pertinent question is, what is the land worth with the improvements on it? In regard to the restriction the pertinent question would be, what was the market value of the property at the time of taking with the conditions then existing, but with a title restriction that might or might not interrupt the continuity of those conditions? It may be proper to explain to the witnesses the existence of the restriction and the period of time the property has been used in violation of the restriction without complaint, together with a consideration of the location and use of the property condemned in connection with its effect on the other landowners in the subdivision as may reflect in the judgment of a purchaser as to the probability of suits to enforce the restriction.

An order will be prepared referring the case back to the Commissioners.