UNITED STATES of America upon the relation and for the use of the TENNESSEE VALLEY AUTHORITY, Appellant,

v.

12.3 ACRES OF LAND, MORE OR LESS, LOCATED IN SUMNER COUNTY, TENNESSEE,

David S. Bradley et ux., Appellees.

UNITED STATES of America upon the relation and for the use of the TENNESSEE VALLEY AUTHORITY, Appellant,

v.

An EASEMENT FOR ROAD PURPOSES OVER A TRACT OF LAND IN SUMNER COUNTY, TENNESSEE, Containing 5.8 Acres, More or Less,

Leila Mae Roberson et al., Appellees.

Nos. 12499, 12500.

United States Court of Appeals Sixth Circuit.

Feb. 10, 1956.

Thomas A. Pedersen, Knoxville, Tenn., for appellant. Joseph C. Swidler, Knoxville, Tenn., on the brief.

Lewis S. Pope, Nashville, Tenn., for appellees. Harsh & Kelly, Gallatin, Tenn., on the brief.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

ALLEN, Circuit Judge.

In these consolidated cases instituted to condemn land on behalf of the TVA, the principal error claimed is that the right of cross-examination as to the monetary value placed by the landowner's witnesses on the various elements of damage included in their estimates was denied. In accordance with the Tennessee Valley Authority Act, 16 U.S.C.A. § 831x, the cases were heard initially by three Commissioners. On trial de novo the District Court refused to grant a motion to remand the cases to the Commissioners for retrial and confirmed their awards. From this ruling these appeals are prosecuted. The facts are not in dispute.

In Case No. 12,499, a tract of some 90 acres is involved, of which the government has taken in fee 12.3 acres of land for the construction of a highway. The landowner's witness was asked how much

damage he assigned to the 7.6 acre tract which was cut off from the remainder of the property as a result of the taking. On objection by the landowner's counsel the Chairman stated in effect that in these condemnation cases it was a rule of long standing in the District Court to prohibit cross-examination as to the monetary values placed by witnesses on specific items of damage.

In Case No. 12,500 the TVA has taken an easement for a highway extending about a half mile through a 98.3 acre tract just outside Gallatin, Tennessee. The highway easement embraces 5.8 acres. A witness testified that the incidental damages to the remainder of the 98.3 tract were $25,000. He listed various elements of damage, among them that "they have collected water in certain places and possibly it does a great deal of damage." Counsel for TVA asked, "How much of that $25,000 damage do you attribute to that item?" The Chairman of the Commission ruled that this question could not be asked, although it was cross-examination.

This constituted reversible error. While on direct examination the sole issue is as to the value of the entire property before and after taking, Fain v. United States, 6 Cir., 145 F.2d 956, on cross-examination in these condemnation cases counsel are entitled to test the weight and credibility of the testimony. Cross-examination of a witness is a matter of right. Alford v. United States, 282 U.S. 687, 691, 51 S.Ct. 218, 75 L.Ed. 624. Where the testimony sought to be cross-examined is opinion testimony this privilege is particularly essential. Coca-Cola Co. v. Moore, 8 Cir., 246 F. 942, 943. Unless such cross-examination is permitted it would be difficult, if not impossible, to test the qualification of a witness and the accuracy of his estimate. United States v. 679.19 Acres of Land, D.C., 113 F.Supp. 590, 594.

The District Court had an opportunity to correct this prejudicial error, for the denial of the right of cross-examination was strongly urged in that court as a reason for remanding the case to the Commissioners. But this motion was denied.

Since it is prejudicial error to deny the right to cross-examine the witnesses as to the estimates of damage, the District Court should have sustained the motion to remand the cases to the Commissioners for retrial. United States ex rel. and for Use of Tennessee Valley Authority v. 7.2 Acres of Land, D.C., 117 F.Supp. 499, 503; United States ex rel. Tennessee Valley Authority v. Powelson, 4 Cir., 138 F.2d 343, 346, certiorari denied, 321 U.S. 773, 64 S.Ct. 612, 88 L.Ed. 1067.

The orders of February 14, 1955, are reversed and the cases are remanded for further proceedings not inconsistent with this opinion.