**People of the State of Illinois, Plaintiff-Appellee, v. Harold L. Dunams, Defendant-Appellant.**

**Gen. No. 52,305.**

First District, Fourth Division.

December 17, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (George L. Lincoln and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Klein, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, Harold L. Dunams, was charged with the sale of a purported narcotic drug, in violation of Ill Rev Stats 1965, c 38, § 22–40. The section provides in part as follows:

> "Whoever agrees, consents or in any manner offers to unlawfully sell, prescribe, administer, transport, dispense or give any narcotic drugs to any person, or offers, arranges, or negotiates to have any narcotic drugs unlawfully sold, prescribed, administered, transported, dispensed or given, and then sells, prescribes, administers, transports, dispenses or gives, or offers, arranges or negotiates to have sold, delivered, transported, furnished, administered, dispensed or given to any person any nonnarcotic liquid, substance or material shall be imprisoned in the penitentiary for any term from 1 year to 10 years."

After a bench trial, he was found guilty and sentenced for a term of 2 to 4 years. Defendant appeals, contend-

ing that the trial court committed prejudicial error in restricting the cross-examination of the informer concerning his place of residence.

On December 16, 1966, Eugene Wheeler offered to make a controlled purchase of narcotics for the police. After searching him and giving him $14 in prerecorded funds, three police officers drove Wheeler to 61st and Prairie Avenue in Chicago. The officers observed Wheeler engage defendant in conversation; they also observed the hands of the two men meet, and upon signal from Wheeler, they arrested defendant. A search revealed that defendant had $13 of the marked money, and that Wheeler had a package, which was subsequently ascertained to be a nonnarcotic substance. Wheeler testified that his conversation with defendant was to the effect that defendant agreed to sell him narcotics.

During cross-examination of Wheeler, the State's objection to defense counsel's question as to Wheeler's place of residence was sustained.

Defendant testified that he sold the package to a person other than Wheeler, and that Wheeler was not present at the time of the sale or arrest. Defendant also testified that he went to school with Wheeler, and recalled seeing him on a farm at the penitentiary.

The sole issue is whether the trial court committed prejudicial error in not allowing defendant to elicit the informer's address.

Although the extent of cross-examination is generally within the sound discretion of the trial court, a defendant has the right to establish the residence and business of a witness. Alford v. United States, 282 US 687 (1931). In Smith v. Illinois, 390 US 129 (1968), the Supreme Court reversed a narcotics conviction on the ground that defendant was not allowed to elicit the informer's true name and address, thereby denying defendant the right to an effective cross-examination. Although, as in the instant case, defendant in the Smith

case knew the informer, the court did not consider this a controlling factor.

In People v. Shaw, 89 Ill App2d 285, 233 NE2d 73 (1967), the trial court sustained objections to questions concerning informer's current address and place of employment. This court held that defendant's right to cross-examination had not been unduly restricted, since he had known the informer prior to trial. We also noted that disclosure of the informer's address could result in physical harm to her. Upon further appeal, the United States Supreme Court granted certiorari, and remanded the cause back to this court for reconsideration consistent with Smith v. Illinois, supra. Shaw v. Illinois, 394 US 214 (1969). Upon reconsideration, this court held that defendant's right to cross-examination had been unduly restricted, and that despite strong corroborative evidence, this restriction constituted prejudicial error, since the case remained essentially dependent upon the credibility of the informer. People v. Shaw, 117 Ill App2d 16, 254 NE2d 602 (1969).

In another recent decision by this court, People v. Hall, 117 Ill App2d 116, 253 NE2d 890 (1969), where defendant was not permitted to learn the informer's address, it was held that defendant had been denied his right to effective cross-examination.

In the instant case, we hold that defendant had the right to elicit the informer's current address. And although there was corroboration of the informer's testimony supplied by the police officers, the credibility of the informer remained an important factor in the trial. Consequently the denial of that right of cross-examination constituted prejudicial error.

The judgment of the Circuit Court is therefore reversed and the cause is remanded for a new trial.

Judgment reversed and cause remanded.

DRUCKER, P. J., and ENGLISH, J., concur.