**The People of the State of Illinois and William R. Ketcham, State's Attorney, Plaintiff-Appellant, v. Odon Gonzales, Defendant-Appellee.**

Gen. No. 69–183.

Second District.

March 30, 1970.

William R. Ketcham, State's Attorney of Kane County, of Elgin, and W. Ben Morgan, Assistant State's Attorney, for appellant.

Geister, Schnell, Richards and Brown, of Elgin, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

An indictment returned by the grand jury of Kane County charged the defendant with the offense of Unlawful Sale of Narcotic Drugs in violation of section 22–3 of the Illinois Criminal Code in that he did, on December 23, 1968, knowingly sell marihuana to one Kenneth Cloud.

On July 21, 1969, the trial court ordered the State to furnish the defendant and his counsel with a list of all prosecution witnesses and their residence addresses pursuant to the motion of the defendant brought under section 114–9 of the Code of Criminal Procedure (Ill Rev Stats 1967, c 38, § 114–9). On August 12, the State furnished a list of the names and addresses of six witnesses. The list included three witnesses, among them Kenneth Cloud, who were special agents of the United States Bureau of Narcotics and Dangerous Drugs and gave as

their address 205 W. Wacker Drive, Chicago, the address of the Bureau. The State also furnished a letter from the Bureau of Narcotics that indicated that the agents could be contacted at the Bureau during office hours any time Monday through Friday between the hours of 8:30 a. m. and 12:00 midnight or on Saturdays and holidays from 8:30 a. m. to 5:00 p. m., but that the Bureau would not furnish the residence address or telephone numbers. On August 13, the court entered an order, pursuant to motion of the defendant, that found William R. Ketcham, the State's Attorney, in contempt of court for his willful refusal to furnish the residence addresses of the three government agents and dismissed the indictment. It appears that the parties agreed to a dismissal of the indictment to expedite the matter at issue to this court for determination.

Section 114–9 of the Code provides in subparagraph (a) that "On motion of the defendant the court shall order the State to furnish the defense with a list of prosecution witnesses and their last known addresses." The committee comments point out that the purpose of this section is to prevent surprise and to combat false testimony in accordance with the case of The People v. Quevreaux, 407 Ill 176, 95 NE2d 62. The Code does not indicate if the address to be furnished must be the residence address and there are no reported cases on that precise point.

The defendant relies primarily on the recent case of Smith v. Illinois, 390 US 129, decided by the Supreme Court of the United States in January of 1968, and the cases decided thereafter on the basis of that decision to support his contention that he has a constitutional right to be furnished the residence address of all witnesses to confront him. In the Smith case, the defendant was accused of the sale of narcotics and, at the trial, an informer testified for the prosecution. On cross-examination, the informer was asked as to his real name and his

408

residence address and the trial court sustained objections to both questions. The Supreme Court ruled that the failure to disclose the real name and residence address of the principal prosecution witness was a violation of the defendant's right to be confronted with the witnesses against him as guaranteed by Article VI of the amendment to the Constitution of the United States and made obligatory on the states by Article XIV.

The court quoted extensively from its earlier decision in Alford v. United States, 282 US 687, to the effect that one of the purposes of cross-examination is to identify a witness with his community so that the trier of fact may determine his credibility. The court stated that "The witness' name and address open countless avenues of in-court examination and out-of-court investigation. To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself."

Since the Smith case, the Supreme Court granted certiorari in the cases of United States v. Garafalo, 385 F 2d 200 (7th Cir) and People v. Shaw, 89 Ill App2d 285, 233 NE2d 73. In Garafalo, an informer testified as to his residence address at the time of the alleged crime but was not permitted to testify as to his address at the time of trial. In Shaw, the trial court sustained objections to questions as to an informer's address and place of employment where it appeared that the accused knew him prior to trial. Both cases were remanded for reconsideration consistent with the Smith decision.

A concurring opinion filed in Smith, stated that the right of cross-examination is not absolute and that a trial court may, at its discretion, restrict inquiry as to an informer's place of residence if a danger to the witness has been disclosed to the court by the prosecution. On the basis of that concurring opinion the Circuit Court of Appeals for the Seventh Circuit has recently held in two cases that the address of an informer need not be disclosed where a threat to the life of the witness has been

shown. United States v. Varelli, 407 F2d 735; United States v. Palermo, 410 F2d 468.

The Smith decision has also been followed in two recent cases from the First District where convictions for the sale of narcotic drugs were reversed on the grounds that the defendant was unduly restricted in his cross-examination. In both cases, the principal prosecution witness was an informer and the trial court sustained objections to questions posed in cross-examination as to their place of residence. The Appellate Court held that the defendants were entitled to elicit the current address of the informers inasmuch as their credibility was a crucial issue in the determination of guilt or innocence. People v. Hall, 117 Ill App2d 116, 253 NE2d 890; People v. Dunams, 118 Ill App2d 76, 254 NE2d 582.

██ The State made no offer of evidence that the witnesses had been threatened, only a general averment by the State's Attorney that it had been the policy of the Bureau of Narcotics not to furnish the home addresses of undercover agents. In light of the foregoing decisions, it appears that upon a showing by the People of threats to the life of an agent or informer, that the home address of said informer or agent need not be disclosed. There is no indication of such threats in the instant case. We conclude that the trial court was not in error in dismissing the indictment.

██ On the contempt proceeding against the State's Attorney, it appears that he had no knowledge or information to furnish to the court by way of residence addresses of the agents, as required by section 114–9, and could not comply. We are of the opinion that the trial court was in error in holding the State's Attorney in contempt. The court could not hold him in contempt when he could not comply.

Reversed in part and affirmed in part.

DAVIS, P. J. and MORAN, J., concur.