## ALFORD v. UNITED STATES.

No. 370.   Argued   January   6,   1931.—Decided   February   24,   1931.

688

*Mr. Leo R. Friedman,* with whom *Mr. Thomas M. Foley* was on the brief, for petitioner.

*Assistant Attorney General Richardson,* with whom *Solicitor General Thacher* and *Messrs. Claude R. Branch,* Special Assistant to the Attorney General, and *Harry S. Ridgley* were on the brief, for the United States.

MR. JUSTICE STONE delivered the opinion of the Court.

Petitioner was convicted in the District Court for Southern California of using the mails to defraud in violation of § 215 of the Criminal Code. The Court granted certiorari, to review a judgment of affirmance by the Court of Appeals for the Ninth Circuit, which upheld certain rulings of the trial court upon the evidence. 41 F. (2d) 157.

In the course of the trial the government called as a witness a former employee of petitioner. On direct examination he gave damaging testimony with respect to various transactions of accused, including conversations with the witness when others were not present, and statements of accused to salesmen under his direction, whom the witness did not identify. Upon cross-examination questions seeking to elicit the witness's place of residence were excluded on the government's objection that they were immaterial and not proper cross-examination. Counsel for the defense insisted that the questions were

proper cross-examination, and that the jury was entitled to know "who the witness is, where he lives and what his business is." Relevant excerpts of the record are printed in the margin.[1]

---

[1] Q. Where do you live, Mr. Bradley?

MR. ARMSTRONG: That is objected to as immaterial and not proper cross-examination.

THE COURT: I cannot see the materiality.

MR. FRIEDMAN: Why, I think the jury has a perfect right to know who the witness is, where he lives and what his business is, and we have the right to elicit that on cross-examination. I may say that this is the first witness the Government had called that they have not elicited the address from.

THE COURT: I will sustain the objection.

Q. BY MR. FRIEDMAN: What is your business, Mr. Bradley?

A. My profession is an accountant, public accountant.

Q. What is your occupation now?

A. I am not doing anything at the present time on account of this case.

Q. On account of this case?

A. Yes.

Q. Do you live in Los Angeles?

MR. ARMSTRONG: That is objected to as immaterial and invading the Court's ruling.

THE COURT: I have ruled on that question.

MR. FRIEDMAN: I will temporarily pass on to something else. I would like leave to submit authorities on my right to develop that on cross-examination. I haven't them with me.

THE COURT: All right.

  *    *    *    *    *

The jury were thereupon excused by the court until 9:30 o'clock on the morning of July 24, 1929, whereupon the jury retired after which the following proceedings were had relative to the materiality of the testimony, as to the residence and place thereof of Cameron Bradley.

THE COURT: In what particular do you think that evidence is material?

MR. FRIEDMAN: I think it is material for this purpose, first, not only on the general grounds I urged in asking the question, but on the additional grounds that I have been informed and caused to believe

Later, the jury having been excused, counsel for the defense urged, as an " additional " ground-for asking the excluded questions, that he had been informed that the witness was then in the custody of the federal authorities, and that such fact might be brought out on cross-examination " for the purpose of showing .whatever bias or prejudice he may have." But the court adhered to its previous rulings, saying that if the witness had been convicted of a felony that fact might be proved, but not that he was detained in custody.

The Court of Appeals, after stating that it is customary to allow cross-examination of a witness with reference to

that this witness himself is now in the custody of the Federal authorities.

MR. ARMSTRONG: You mean Mr. Bradley? You mean by the Federal authorities here?

MR. FRIEDMAN: I don't know by what authorities, but that is my impression, that he is here in the custody of the Federal authorities. If that is so, I have a right to show that for the purpose of showing whatever bias or prejudice he may have.

THE COURT: No; I don't think so. If you can prove he has ever been convicted of a felony, that is a different thing.

MR. FRIEDMAN: I realize that is the rule. I may impeach him if he has been convicted of a felony.

THE COURT: No. You may prove that fact as going to his credibility, but you can't merely show that he is detained or in charge of somebody. Everybody is presumed to be innocent until proven guilty.

MR. FRIEDMAN: It is a violent presumption sometimes, I know.

THE COURT: Your defendant is certainly to be given the benefit of that presumption.

MR. FRIEDMAN: I have no doubt of that.

THE COURT: If that is all you have, I will have to stand on the ruling.

　*　　　　　*　　　　　*　　　　　*　　　　　*

MR. FRIEDMAN: I would like, if the Court please, our exception noted to the Court's ruling made yesterday after the jury retired to the effect that we could not inquire as to the present address and residence of the witness.

THE COURT: Very well.

his place of residence, upheld the trial court, saying, p. 160:

" The purpose of such evidence is to identify the witness and to some extent give proper background for the interpretation of his testimony. In this case, however, the counsel indicated his purpose to use the information for the purpose of discrediting the witness. It is part of the obligation of a trial judge to protect witnesses against evidence tending to discredit the witness unless such evidence is reasonably called for by exigencies of the case. A witness is not on trial and has no means of protecting himself. Here it was evident that the counsel for the appellant desired to discredit the witness, without so far as is shown, in any way connecting the expected answer with a matter on trial. If it had been contended that the witness was in custody because of his participation in the transaction with which the appellant was charged, and if it was sought to show that he was testifying under some promise of immunity, it would undoubtedly have been prejudicial error to have excluded such testimony, but counsel avowed no such purpose, and indicated that the proposed question was merely in pursuit of a fishing expedition by which he hoped to discredit the witness. The witness was examined at great length concerning his relation to the appellant and great latitude was accorded in that examination."

Cross-examination of a witness is a matter of right. *The Ottawa,* 3 Wall. 268, 271. Its permissible purposes, among others, are that the witness may be identified with his community so that independent testimony may be sought and offered of his reputation for veracity in his own neighborhood, cf. *Khan* v. *Zemansky,* 59 Cal. App. 324, 327ff.; 3 Wigmore, Evidence (2d ed.) § 1368 I. (1) (b); that the jury may interpret his testimony in the light reflected upon it by knowledge of his environment, *Kirschner* v. *State,* 9 Wis. 140; *Wilbur* v. *Flood,* 16 Mich.

40; *Hollingsworth* v. *State,* 53 Ark. 387; *People* v. *White,* 251 Ill. 67, 72ff.; *Wallace* v. *State,* 41 Fla. 547, 574ff.; and that facts may be brought out tending to discredit the witness by showing that his testimony in chief was untrue or biased. *Tla-Koo-Yel-Lee* v. *United States,* 167 U. S. 274; *King* v. *United States,* 112 Fed. 988; *Farkas* v. *United States,* 2 F. (2d) 644; see *Furlong* v. *United States,* 10 F. (2d) 492, 494.

Counsel often cannot know in advance what pertinent facts may be elicited on cross-examination. For that reason it is necessarily exploratory; and the rule that the examiner must indicate the purpose of his inquiry does not, in general, apply. *Knapp* v. *Wing,* 72 Vt. 334, 340; *Martin* v. *Elden,* 32 Ohio St. 282, 289. It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even though he is unable to state to the court what facts a reasonable cross-examination might develop. Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them. *Tla-Koo-Yel-Lee* v. *United States, supra; King* v. *United States, supra; People* v. *Moore,* 96 App. Div. 56, affirmed without opinion, 181 N. Y. 524; cf. *People* v. *Becker,* 210 N. Y. 274. To say that prejudice can be established only by showing that the cross-examination, if pursued, would necessarily have brought out facts tending to discredit the testimony in chief, is to deny a substantial right and withdraw one of the safeguards essential to a fair trial. *Nailor* v. *Williams,* 8 Wall. 107, 109; see *People* v. *Stevenson,* 103 Cal. App. 82; cf. *Brasfield* v. *United States,* 272 U. S. 448. In this respect a summary denial of the right of cross-examination is distinguishable from the erroneous admission of harmless testimony. *Nailor* v. *Williams, supra.*

The present case, after the witness for the prosecution had testified to uncorroborated conversations of the defendant of a damaging character, was a proper one for

searching cross-examination. The question "Where do you live?" was not only an appropriate preliminary to the cross-examination of the witness, but on its face, without any such declaration of purpose as was made by counsel here, was an essential step in identifying the witness with his environment, to which cross-examination may always be directed. *State* v. *Pugsley,* 75 Ia. 742; *State* v. *Fong Loon,* 29 Ida. 248, 255ff.; *Wallace* v. *State, supra;. Wilbur* v. *Flood, supra;* 5 Jones, Evidence (2d ed.) § 2366.

But counsel for the defense went further, and in the ensuing colloquy with the court urged, as an additional reason why the question should be allowed, not a substitute reason, as the court below assumed, that he was informed that the witness was then in court in custody of the federal authorities, and that that fact could be brought out on cross-examination to show whatever bias or prejudice the witness might have. The purpose obviously was not, as the trial court seemed to think, to discredit the witness by showing that he was charged with crime, but to show by such facts as proper cross-examination might develop, that his testimony was biased because given under promise or expectation of immunity, or under the coercive effect of his detention by officers of the United States, which was conducting the present prosecution. *King* v. *United States, supra; Farkas* v. *United States, supra,* and cases cited; *People* v. *Becker, supra; State* v. *Ritz,* 65 Mont. 180, and cases cited on p. 188; *Rex* v. *Watson,* 32 How. St. Tr. 284. Nor is it material, as the Court of Appeals said, whether the witness was in custody because of his participation in the transactions for which petitioner was indicted. Even if the witness were charged with some other offense by the prosecuting authorities, petitioner was entitled to show by cross-examination that his testimony was affected by fear or favor growing out of his detention. See *Farkas* v. *United States, supra; People* v. *Dillwood,* 39 Pac. (Cal.) 438.

The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court. It may exercise a reasonable judgment in determining when the subject is exhausted. *Storm* v. *United States*, 94 U. S. 76, 85; *Rea* v. *Missouri*, 17 Wall. 532, 542–543; *Blitz* v. *United States*, 153 U. S. 308, 312. But no obligation is imposed on the court, such as that suggested below, to protect a witness from being discredited on cross-examination, short of an attempted invasion of his constitutional protection from self incrimination, properly invoked. There is a duty to protect him from questions which go beyond the bounds of proper cross-examination merely to harass, annoy or humiliate him. *Great Western Turnpike Co.* v. *Loomis*, 32 N. Y. 127, 132; *Wallace* v. *State, supra;* 5 Jones, Evidence (2d ed ) § 2316. But no such case is presented here. The trial court cut off *in limine* all inquiry on a subject with respect to which the defense was entitled to a reasonable cross-examination. This was an abuse of discretion and prejudicial error. *Tla-Koo-Yel-Lee* v. *United States, supra; Nailor* v. *Williams, supra; King* v. *United States, supra; People* v. *Moore, supra;* cf. *People* v. *Becker, supra.* Other grounds for reversal were set up in the petition for certiorari, but we do not find it necessary to pass upon them.

*Reversed.*