### WEEKLEY v. THOMAS.
### No. 3404.

Circuit Court of Appeals, Fourth Circuit.
April 4, 1933.

Fred Harper, of Lynchburg, Va., for appellant.

A. D. Barksdale, of Lynchburg, Va. (Barksdale & Abbot, of Lynchburg, Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action at law brought in the District Court of the United States for the Western District of Virginia, by the appellee, who was plaintiff below, against appellant, who was defendant below, for personal injuries sustained by her, resulting from a collision while she was riding as a guest pas-

senger in an automobile owned and operated by the defendant. The accident happened at a point where two roads crossed. The car driven by the defendant hit the car with which it collided on the side, about the middle.

The case was tried at the June term, 1932, at Lynchburg, and resulted in a verdict of $4,000 in favor of the plaintiff. Upon this verdict a judgment was entered by the judge below, from which action this appeal was brought.

There are two assignments of error. The first with respect to the refusal of the trial judge to permit counsel for the defendant to ask the plaintiff, on cross-examination, whether she had made statements to the counsel representing the defendant, which were contradictory of evidence theretofore given by her at the trial. The second assignment of error refers to the action of the trial court in overruling the motion of the defendant to set aside the verdict and grant a new trial.

At the time counsel offered to ask the questions on cross-examination which the court refused to permit, counsel stated that he would not contradict any reply that witness might make, as he (the counsel) was the only other witness to such statements and did not intend to become a witness.

A full discussion, by Mr. Justice Stone, of the right of cross-examination, will be found in Alford v. U. S., 282 U. S. 687, 51 S. Ct. 218, 75 L. Ed. 624. There it is held that cross-examination is a matter of right, but that the extent is within the sound discretion of the trial court. Here, while defendant's attorney did not make any tender of record as to what specific questions he expected to ask or what answers he expected to elicit by these questions, the refusal of the trial judge to permit the asking of the questions was wrong. Cross-examination, as pointed out in the Alford Case, "is necessarily exploratory." The right of cross-examination is a most important right, and should not be unduly abridged or impaired. However, we are of the opinion that, although the court did commit error in refusing to permit the questions, such refusal was not prejudicial to the defendant, and was harmless. The negligence of the defendant was so clearly and conclusively established by the evidence that any answer given by the plaintiff to the questions sought to be asked upon cross-examination could not have affected the result.

The eyewitnesses to the accident testified that the defendant did not decrease the speed of the car he was driving on approaching the intersection where the accident happened. The defendant himself testified that he saw the approaching car when he was 150 feet from the intersection and while the approaching car was 75 feet away, yet the uncontradicted evidence was that he made no effort to slow up, but continued at at least the same speed he was going when he first saw the approaching car. One witness testified that the car driven by the defendant seemed to increase its speed as it approached the intersection of the roads. While the defendant had the right of way, he was undoubtedly guilty of negligence in continuing his course with his speed undiminished. Under the circumstances, he should, at least, have taken some precaution to avert what any reasonable man would have seen might result in disaster. All this being admitted and not denied, it is apparent that, if there were error in refusing to allow the questions to be asked, it was harmless and in no way prejudiced the defendant.

As to the second assignment of error, it has long been settled in federal practice, that the refusal to set aside a verdict is a matter within the discretion of the trial judge, and that the overruling of a motion for a new trial is not the subject of exception. Edge Moor Bridge Works v. Fields (C. C. A.) 58 F. 173. Catherine Fishburn v. Chicago, Milwaukee & St. Paul Railway Co., 137 U. S. 60, 11 S. Ct. 8, 34 L. Ed. 585.

The judgment of the court below is accordingly affirmed.