ANDRÉS and LUCIANA AYBAR MUÑOZ, Plaintiffs and Appellants, v. NATALIA VARA SMITH, ET ALS., Defendants and Appellees.

No. 7700.  Argued November 22, 1938.—Decided January 26, 1939.

154

Appellants appeared on their own behalf; *Manuel Rivera de la Vega,* for appellees.

Mr. Justice De Jesús delivered the opinion of the Court.

Plaintiffs in this case went to trial without the assistance of counsel. In order to prove certain averments of the complaint, they called attorney Francisco de la Torre Garrido to testify. Plaintiff Andrés Aybar Muñoz examined the witness first and immediately thereafter the co-complainant Luciana Aybar Muñoz tried to do the same, whereupon the following incident occurred:

"Q. Mr. de la Torre, do you remember when you filed the bill of complaint wherein you said that the only heirs . . .?

"Judge: The Court has noticed that you do not kown how to examine a witness; the court is not going to allow you to examine any more witnesses on this proceeding.

"Plaintiff: Allow me to finish.

"Judge: No, no, you do not know how to examine a witness.

"Plaintiff: I take exception.

"Judge: The Court is not going to allow you to examine further, as you do not know how to carry on an examination."

The case proceeded, the complainant obeying the ruling of the court, and immediately after all the evidence was presented, the court rendered the judgment against which the plaintiffs took this appeal.

Appellants assign various errors as made by the district court. One of them reads as follows:

"The lower court was in error and abused its discretion in not allowing plaintiff Luciana Aybar Muñoz to examine the witness Francisco de la Torre. Said court based its ruling on the fact that this

plaintiff did not know how to examine a witness and thereby impaired her case . . .''

■■ Since the year 1909 in which the case of *Hernández* v. *District Court*, 15 P.R.R. 251, was decided, this Court acknowledged the right of a party to a suit to appear on his own behalf and defend himself. To deny a party who is not assisted by counsel the right to examine a witness whether it be in direct, cross or redirect examination, when the time comes for said examination, is tantamount to denying him his day in court. *Alford* v. *United States*, 282 U. S. 687 (75 L. ed. 624).

In this case not only was Luciana Aybar denied the right to examine her own witness, but she was absolutely forbidden to examine any other witnesses, as can be inferred from the statement of the court ending the incident, which states as follows:

"The court is not going to allow you to examine further, as you do not know how to carry on an examination."

We understand fully the inconveniences and loss of time caused to a court by a party who, without knowing how to conduct a case, insists on being his own attorney, but as this is a right which every litigant has, the courts, in furtherance of justice, should be patient and even lead the party without ever losing the neutrality which all judges should keep in a hearing.

In our opinion the error committed by the lower court is of such magnitude that the reversal of the judgment follows.

The judgment appealed from should therefore be reversed and the case remanded for further proceeding not inconsistent with this opinion.

Mr. Chief Justice Del Toro took no part in the decision of this case.