ANDRÉS y LUCIANA AYBAR MUÑOZ, demandantes y apelantes, *v.* NATALIA VARA SMITH, PILAR MORENO SMITH y CONCEPCIÓN y MARÍA DE LA GLORIA SALA SMITH, demandadas y apeladas.

Núm. 7700.—*Sometido:* Noviembre 22, 1938. *Resuelto:* Enero 26, 1939.

Los apelantes comparecieron por su propio derecho; *Manuel Rivera de la Vega,* abogado de las apeladas.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Los demandantes en este caso fueron a juicio sin asistencia de abogado. Con el propósito de probar alegaciones de la demanda, llamaron a declarar al abogado Francisco de la Torre Garrido. Lo interrogó primero el demandante Andrés Aybar Muñoz e inmediatamente después trató de hacer lo mismo la codemandante Luciana Aybar Muñoz, surgiendo entonces el siguiente incidente:

"P. Sr. de la Torre, ¿usted recordará cuando usted demandó y usted dijo que las únicas herederas . . . . ?

"Juez: Lá Corte ha notado que Ud. no sabe preguntar, y como usted no sabe preguntar, la Corte no va a permitir que usted pregunte más en este procedimiento.

"Demandante: Déjeme terminar.

"Juez: No, no, si usted no sabe preguntar.

"Demandante: Pues tomo excepción.

"Juez: La Corte no le va a permitir interrogar más, porque usted no sabe preguntar."

Continuó el caso, obedeciendo la demandante la orden (*ruling*) de la corte, e inmediatamente después de terminada la práctica de la prueba se dictó la sentencia contra la cual interpusieron los demandantes el presente recurso.

Señalan los apelantes varios errores que alegan fueron cometidos por la corte inferior, entre los cuales se halla el siguiente:

"La corte inferior cometió otro error y abusó de su poder discrecional de no permitir a la demandante Luciana Aybar Muñoz preguntarle al testigo Francisco de la Torre, fundándose dicha corte en que esta demandante no sabía preguntar, quedando esta demandante completamente indefensa. . ."

■■ Desde el año 1909 en que se resolvió el caso de *Hernández* v. *Corte de Distrito,* 15 D.P.R. 268, se reconoció por este tribunal el derecho de una parte interesada en una acción a comparecer y defenderse personalmente. Privar a una parte que no está asistida de abogado de interrogar a un testigo, ya sea en examen directo, repreguntas o rectificación (*redirect*) cuando fuere procedente, equivale a negarle su día en corte. *Alford* v. *United States,* 282 U.S. 687 (75 L. Ed. 624).

En este caso no sólo se impidió a Luciana Aybar interrogar su testigo, si que también se le prohibió en absoluto continuar interrogando a otros, según se infiere de la manifestación de la corte que puso fin al incidente, que dice así:

"La Corte no le va a permitir interrogar más, porque usted no sabe preguntar."

Nos damos perfecta cuenta de las inconveniencias y pérdida de tiempo que a una corte ocasiona una parte que sin saber conducir su pleito insiste en defenderse personalmente, pero siendo como es éste un derecho que la ley reconoce al litigante, los tribunales deben tener paciencia y hasta ilustrarle, en bien de la justicia, sin abandonar en ningún momento la neutralidad que deben conservar los jueces en toda contienda judicial.

A nuestro juicio el error cometido por la corte inferior es de tal magnitud que produce la revocación de la sentencia.

*Procede, por lo expuesto, revocar la sentencia apelada y devolver el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Presidente Sr. Del Toro no intervino.