William Lair McGOWAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16528.

United States Court of Appeals
Ninth Circuit.

Jan. 6, 1960.

Marvin M. Mitchelson, Beverly Hills, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Henry P. Johnson, Robert J. Jensen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and JAMESON, District Judge.

PER CURIAM.

Appellant was convicted by a jury on two counts—one of concealing and one of selling heroin.[1]

But one point is raised on this appeal. Did the court below err in stating (a) it did not think the question,[2] "Have you ever had possession of marijuana?" was proper on defendant's counsel's cross-

---

1. 21 U.S.C.A. § 174.

2. The question: "Have you ever had possession of marijuana? A: No."

examination of a government informer, and stating (b) further questioning about marijuana was improper and that "the Court had ruled," (again after the previous question nad been answered).[3]

Thus here no question was unanswered; no objection actually sustained; no offer of proof made or rejected; and counsel for appellant was permitted to ask many more questions in his endeavor to show bias and prejudice on the part of the informer.[4] Counsel for appellant asked all the questions he desired to put and answers were permitted to all such questions. No restrictions whatsoever were placed on efforts of appellant's

counsel to establish bias and prejudice on the part of the informer, save as reported above.

■ As the case principally relied upon by appellant [5] points out:

"The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court. It may exercise a reasonable judgment in determining when the subject is exhausted."

■ An exercise of that judicial discretion here took place. We hold it proper, and affirm.

3. "Q. As a matter of fact, Mr. Munson, were you arrested and in possession of marijuana, isn't that right? A. October 14, 1954.
"Q. And as a result of this arrest that is why you went to work for the Government, isn't that true? A. That is not true, and I was arrested for suspicion of possession.
"Q. There was marijuana there, wasn't there? A. Yes.
"Q. That was in your home? A. No.
"Q. Your apartment? A. No.

"Q. Somebody else's place? A. Yes." [Tr. 30.]

4. The witness Munson's testimony covers less than seventeen pages on direct examination and one on re-direct; it covers thirty-three pages on cross-examination and three on cross after re-direct examination.

5. Alford v. United States, 1930, 282 U.S. 687, at page 694, 51 S.Ct. 218, at page 220, 75 L.Ed. 624.