■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MINNIE SORRELL, Also Known as MILLIE SORRELL, Appellant.— *Per Curiam.* Defendant, convicted of selling narcotics, appeals from an order which denied her motion for a new trial on the ground of newly discovered evidence and, also,

from an order which denied her motion in the nature of a writ of error *coram nobis*. With respect to each application, her basic contention is that she was deprived of the right of confrontation guaranteed to her by the Sixth Amendment to the Constitution of the United States in that the principal witness against her was presented and sworn under an assumed name, as she discovered only after her conviction. The theory sometimes advanced that the opportunity to cross-examine is all that is required for confrontation is not a complete answer to these applications, if by that is meant no more than the opportunity to ask an unlimited number of naive questions of unknown witnesses or of "faceless informers" (*Peters* v. *Hobby*, 349 U. S. 331, 350, per DOUGLAS, J. concurring), and this while deprived of information whereby the "witness may be identified with his community" and placed "in his proper setting" (*Alford* v. *United States*, 282 U. S. 687, 691, 692). In this case, however, the examination and testimony of the witness himself seem to us to exclude any factual basis for a claim of deprivation of the right of confrontation. The pertinent facts can be briefly stated. On direct examination, it clearly appeared that in the course of purchasing narcotics from defendant, the witness used a name other than that under which he was presented as a witness and, further, that he was known by that other name during his say in the county. On cross-examination, this again appeared as did the witness' statement that "usually I work undercover, you have to make believe, pretend you are somebody else" and other admissions of disguised identity. Nevertheless, defendant did not seek to elicit any information whatsoever as to the witness' identity. Upon this record, therefore, there was no concealment or representation upon which defendant was reasonably entitled to rely, or which can be shown to have misled her, and no showing of any deprivation of her right of confrontation. Had defendant propounded, and the court excluded one simple query as to the witness' actual name and identity, intended, possibly, to permit background investigation and subsequent impeachment, the legal result might well be different and *Alford* (*supra*) might well be applicable, but such was not the development of the proof. Orders affirmed. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur; Herlihy, J., concurs in the result.