**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Sheldon Louis POLAKOFF, a/k/a Shelby Pollack, and Jack T. Watters,
Defendants-Appellants.**

**No. 29552.**

United States Court of Appeals,
Fifth Circuit.

March 8, 1971.

Robert Dixon, Miami, Fla., for Polakoff.

E. David Rosen, Richard M. Gale, Miami, Fla., for Watters.

Robert W. Rust, U. S. Atty., J. V. Eskenazi, Lloyd G. Bates, Jr., Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before GEWIN, COLEMAN and AINSWORTH, Circuit Judges.

PER CURIAM:

Sheldon Louis Polakoff and Jack T. Watters appeal from a judgment of conviction entered upon a jury verdict finding them guilty of inducing, or aiding and assisting in the inducement of, a person to travel in interstate commerce in the execution of a scheme to defraud that person of $5,000 or more in violation of 18 U.S.C. §§ 2 and 2314.[1] Both appellants were found guilty on all four counts of the indictment. On appeal,

1. A third person, Louis Scoratow, was also indicted in connection with this scheme. His conviction was affirmed on appeal by this court. United States v. Scoratow, 434 F.2d 1288 (5th Cir. 1970) [No. 29895 Nov. 19, 1970].

they attack as prejudicially erroneous the district court's limitations on cross-examination and impeachment of the prosecuting witness. In addition Polakoff questions the sufficiency of the evidence supporting his conviction. We reject all of these contentions and affirm.

The evidence is unrefutable that Watters and Polakoff, or their nominees, obtained in excess of $150,000 from Mrs. Lillian Nadler, a 59 year old widow. It is likewise undisputed that appellants and Mrs. Nadler traveled in interstate commerce in order to transfer the sums specified in the indictment from Mrs. Nadler to appellants. The jury found their scheme to be fraudulent.[2]

At the trial the appellants attempted to refute the government's allegations of fraudulent intent by attacking the credibility of Mrs. Nadler, the chief source of much of the testimony as to the allegedly fraudulent scheme and the representations made to her by appellants in their dealings with her. On cross-examination of her they attempted to establish that she spent money on other young men after her relationship with Watters had terminated. They also offered testimony of other witnesses to the effect that she was seen in the company of other young men after Watters had left her. After hearing this proffered testimony outside the presence of the jury, the trial court ruled it immaterial and inadmissible. We find no error in this procedure and result. Once a party has had an opportunity reasonably to exercise his right of cross-examination, the trial court has full discretion in limiting the nature and scope of cross-examination. Alford v. United States, 282 U.S. 687, 51 S.Ct. 77, 75 L. Ed. 736 (1931); Gordon v. United States, 438 F.2d 858 (5th Cir. 1971); see Pearson v. United States, 389 F.2d 684 (5th Cir. 1968). Substantially the same rule applies to impeachment by testimony of other witnesses. Davis v. United States, 409 F.2d 453, 455 (D.C. Cir. 1969). Our examination of the record reveals that appellants were ac-

corded broad latitude in their attempts to attack the credibility of Mrs. Nadler. To exclude the proffered testimony was not an abuse of discretion.

Additionally Polakoff asserts that there was not sufficient evidence to support a verdict of guilty as to him. He relies primarily on testimony by Mrs. Nadler that he had neither affected her decision to give money to Watters nor induced her to travel in interstate commerce. There is no merit to this contention. The statement upon which he relies, elicited on cross-examination, is a miniscule bit of evidence to be considered with a great deal of other pertinent evidence. The jury heard this testimony and evaluated it along with the testimony of the seventeen other government witnesses and numerous documents. There was ample evidence presented by the government to support its charge, including testimony that Polakoff traveled with Mrs. Nadler, received money from her, conveyed false information to her, and was frequently present during the transfer of funds.

The judgment is affirmed.

---

2. See U. S. v. Scoratow, supra, for a more detailed statement of the factual background.