**STATE of Missouri, Respondent,**

v.

**Nellie Elizabeth MEYER, Appellant.**

**No. 55456.**

Supreme Court of Missouri, Division No. 2.

Nov. 8, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied Dec. 13, 1971.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Robert Hoelscher, Warrenton, Corwin S. Ruge, Jr., Wright City, for appellant.

DONNELLY, Judge.

Appellant, Nellie Elizabeth Meyer, was convicted of robbery in the first degree under V.A.M.S. §§ 560.120 and 556.170, in the Circuit Court of Warren County, Missouri, and her punishment was assessed at imprisonment in the custody of the State Department of Corrections for a term of five years. V.A.M.S. § 560.135. Following rendition of judgment and imposition of sentence, an appeal was perfected to this Court.

On the night of December 28, 1968, appellant drove Frederick Beckmeyer from the Queen Arena, in Warrenton, Missouri, to the Cedar Motel, where appellant had a room. Appellant and Beckmeyer entered the room, and Beckmeyer was robbed by Carl Heidbrink.

Carl Heidbrink testified as a witness for the State. His testimony on direct examination reads, in part, as follows:

"Q. Now, when you were at the Queen Arena, did you have occasion to be in the Cocktail Lounge? A. Yes, sir.

Q. Did you see Nellie Elizabeth Meyer? A. Yes, sir.

\*     \*     \*     \*     \*     \*

Q. And what was your occasion to see her in the Cocktail Lounge that night? A. Well, I just went over and started talking to her about this and that.

Q. Did you know her? A. Yes, sir.

Q. And what did she ask you? A. She asked if I'd like to pull a hustle tonight.

Q. If you'd like to pull a hustle? A. Yes, sir.

\*     \*     \*     \*     \*     \*

Q. Okay. What did you reply to the question?

A. Yeah, I'll go along with it.

Q. Okay. Did she then have further conversation about how to go about this? A. Yes, sir.

Q. And what was that further conversation?

A. She said we would go down to this hotel, or motel room and rob this guy.

Q. Did she say who she had in mind? A. Freddie Beckmeyer."

*On cross-examination of Carl Heidbrink, the following occurred:*

"Q. Mr. Heidbrink, have you been convicted of a crime?

MR. HICKS: I object to that, to the form of the question.

THE COURT: The objection is sustained to the form of the question.

Q. Have you been convicted of a felony?

MR. HICKS: I object to the form of that question.

THE COURT: The objection will be sustained. That is not the proper form of question."

Appellant asserts "the trial court erred in refusing to permit appellant to inquire of witness Carl Heidbrink, Jr., whether or not he had been convicted of a crime."

Section 491.050, V.A.M.S., reads as follows:

"Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer."

This Court has interpreted § 491.050, supra, to mean that " * * * while a trial court may generally control cross-examination within proper bounds, still the *right* of cross-examination is an *absolute right* and the *bounds of the cross-examination*, in so far as concerns one's right to show a prior conviction, have been fixed by the statute." Fisher v. Gunn, Mo., 270 S.W.2d 869, 876; State v. Morris, Mo., 460 S.W.2d 624 [3].

The State notes that Carl Heidbrink was seventeen years of age at the time of trial, and suggests the possibility that the attempted cross-examination by appellant's counsel may have related to a "juvenile proceeding" and not a "crime." There is nothing in the record to support such speculation.

We hold that appellant's right of cross-examination was prejudicially restricted by the trial court, and that appellant must be given a new trial. Art. 1, § 18(a), Const. of Mo., V.A.M.S.; State v. Rose, 339 Mo. 317, 96 S.W.2d 498; Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923; Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956; Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624; and United States v. Dickens, 8 Cir., 417 F.2d 958. We cannot declare the error harmless. Carl Heidbrink was the only witness who implicated appellant in the robbery.

The judgment is reversed and the cause remanded.

All of the Judges concur.