Curtis E. McCOY, Appellant,

v.

UNITED STATES, Appellee.

No. 6725,

District of Columbia Court of Appeals.

Argued Jan. 8, 1973.

Decided March 6, 1973.

---

H. Edward Dunkelberger, Jr., Washington, D. C., appointed by this court, with whom James W. Dyke, Jr., was on the brief, for appellant.

Lawrence H. Wechsler, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and John S. Ransom, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant was convicted after a jury trial on three counts of uttering forged bank checks and was sentenced to two to six years in prison on each count to run concurrently with each other and with any other sentence he may be serving.

During the cross-examination of a principal government witness, appellant sought to elicit from an asserted accomplice of appellant whether, upon a plea of guilty to the same charge, the witness had entered into an agreement with the government for a favorable recommendation in regard to his sentence in exchange for his testimony. Appellant's attempt to do so was met with a government objection which was sustained.

Appellant was certainly entitled to attempt to determine during cross-examination whether the witness agreed to testify for the government with the expectation of favored treatment in respect to his sentence. Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931). Where an asserted accomplice is involved, there can scarcely be more telling cross-examination. It should have been permitted.

Since material cross-examination was denied of an important government witness, this was prejudicial error and the judgment of conviction must be reversed. Alford v. United States, *supra*.

Reversed and remanded for a new trial.