Joseph A. WASHINGTON, Appellant,

v.

UNITED STATES, Appellee.

Nos. 80–1159, 82–597.

District of Columbia Court of Appeals.

Argued March 3, 1983.

Decided May 26, 1983.

Richard S. Greenlee, Public Defender Service, Washington, D.C., with whom A. Franklin Burgess, Jr., Public Defender Service, Washington, D.C., was on brief, for appellant. Silas J. Wasserstrom, Arthur B. Leavens and William J. Mertens, Public Defender Service, Washington, D.C., also entered appearances for appellant.

Wendy Bebie, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Michael W. Farrell and Catherine R. Mack, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before NEBEKER and BELSON, Associate Judges, and YEAGLEY, Associate Judge, Retired.

NEBEKER, Associate Judge:

Appellant was convicted of two counts of assault with a deadly weapon, D.C.Code § 22–502 (1981), and one misdemeanor count of carrying a pistol without a license, *id.* § 22–3204. On appeal, he raises numerous issues. However, we determine that the trial court's *in limine* decision to preclude bias cross-examination of a government witness requires reversal and remand for further proceedings. We, therefore, do not address the other issues.

I

Donald Day was a government witness who was directly involved in the incident, out of which the charges against appellant arose. Donald Day's father was Gary Williams. Mr. Williams had been shot in the presence of appellant on the previous day. It was Mr. Day's impression that appellant should have done more to prevent the shooting. Mr. Day acknowledges in his testimony that he sought revenge. The eve-

ning following the shooting, appellant and a friend of his encountered Mr. Day and two of his friends. An altercation took place resulting, among other things, in appellant's arrest for the charges noted above.

Before Mr. Day testified at trial and during a bench conference, the trial judge learned from the prosecutor that Mr. Day had three previous juvenile convictions, that he was presently committed to the Children's Center and that a fourth charge was pending. Apparently on the basis of the prosecutor's and Mr. Day's representations that no "deal" for Mr. Day's testimony had been or would be worked out, the trial judge closed off any bias cross-examination. This was impermissible.

## II

The Sixth Amendment to the Constitution guarantees the right of the accused in a criminal prosecution "to be confronted with the witnesses against him." *Davis v. Alaska,* 415 U.S. 308, 315, 94 S.Ct. 1105, 1109, 39 L.Ed.2d 347 (1974); *Benjamin v. United States,* 453 A.2d 810, 811 (D.C. 1982). It particularly protects the defendant's right to demonstrate a witness' motivation or bias in testifying for the government. *Benjamin v. United States, supra; Smith v. United States,* 392 A.2d 990, 992 (D.C.1978). This right is not affected by the witness' status as a juvenile. *Davis v. Alaska, supra.* Further, the trial court's legitimate authority to regulate the extent of cross-examination, *Alford v. United States,* 282 U.S. 687, 694, 51 S.Ct. 218, 220, 75 L.Ed. 624 (1931), does not extend to prohibiting it altogether. *Springer v. United States,* 388 A.2d 846, 856 (D.C.1978).

The government attempts to support the trial court's ruling by reference to the prosecutor's assertion that no deal was or would be made for Mr. Day's testimony. It also argues that the jury was made aware of another adequate basis for inferring bias when it received Mr. Day's testimony concerning his motive and desire for revenge. Neither argument is persuasive.

The prosecutor's bench conference proffer is irrelevant. It is the jury, not the judge, witness, and prosecutor, which must assess whether a pending charge has colored an individual's testimony. Despite the stated lack of a testimony arrangement, it was for the jury to decide whether Day might still harbor a hope of better treatment if he testified as he did. The argument that the jury could infer bias from Day's limited "revenge" testimony is also misplaced. Mr. Day's testimony does not touch on the far more critical and immediate "liberty" interest bias which appellant sought to explore.

The trial court's *in limine* ruling cutting off liberty interest cross-examination took from the jury essential evidence going to the credibility of a key government witness. The jury had no opportunity to assess Mr. Day's potential bias. *See Benjamin v. United States, supra.*

*Reversed and remanded.*