**David Lee COOK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–00833–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 24, 1987.

Ken J. McLean, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, Janice M. Krocker, Harris County Asst. Dist. Attys., Houston, for appellee.

Before LEVY, WARREN and DUGGAN, JJ.

## OPINION

LEVY, Justice.

A jury found appellant, David Lee Cook, guilty of murder and assessed punishment at confinement for life and a $10,000 fine.

In his sole point of error, appellant claims that the trial court's refusal to permit appellant to cross-examine two prosecution witnesses regarding their residence addresses denied him his Sixth Amendment constitutional right of confrontation.

The record reflects that the trial judge permitted two witnesses, Debra Flores and Mazzie Atkinson, not to testify as to their present addresses and also permitted Debra Flores not to testify as to the name and address of her present employer. When Flores was being cross-examined, the defense counsel asked her where she lived. The prosecutor objected based on irrelevancy. An off-the-record discussion was held at the bench, and counsel was permitted to develop the issue of admissibility at the next recess.

A hearing was held later outside the presence of the jury, and the defense coun-

sel informed the court that he had less interest in finding out Flores's present residence address than in determining Flores's work address. He wanted a copy of her application for employment which, he asserted, would shed further light on her credibility or lack thereof. Counsel for appellant's co-defendant expressed interest in securing both addresses.

During the hearing, the prosecutor asked to put on evidence but the court denied her request. She then told the court that Detective Osterberg had received information from an unnamed informant that appellant had threatened to harm Flores. The informant appeared knowledgeable and reliable because he knew Flores, appellant, and another individual's name, and because he knew when the trial would begin. In addition, the manager of the "Dunkin Donuts" store where Flores had previously worked told police that appellant had been seen there several times. In response to this information, Flores was given 24–hour police protection. Flores also testified that she was informed that appellant had threatened to harm her and that she was given protection. The court, however, ruled that Flores would be required to give her present address.

When the court reconvened, appellant's counsel again asked Flores where she lived and, despite the court's ruling, the prosecutor instructed Flores not to answer. Appellant's counsel then sought a court ruling instructing the witness to answer, and the instruction was given. However, the prosecutor once again instructed the witness not to answer. The court had the jury removed, and appellant's counsel then asked that the prosecutor be held in contempt, whereupon the court ordered a recess.

When the court reconvened, the prosecutor offered to produce Flores's application for employment, Flores's current supervisor, and some adults with whom Flores lived. The prosecutor further stated that Flores had resided at her present address for only one month and that she did not know any of her neighbors. Flores supported these statements with her own direct testimony.

The trial court then withdrew its original ruling and ordered Flores to answer the question of where she lived by providing only the city. The court further ruled that the prosecutor had to produce Flores's supervisor, her employment application, and the names of three individuals with whom Flores was currently living. Appellant objected, requested a continuance until the information could be obtained, and asked for a mistrial due to the prosecutor's disregard of the trial court's original ruling. The court overruled the objection, and Flores testified, revealing only the city where she resided.

The record reflects that the prosecutor later provided to appellant's lawyer Flores's employment application, the custodian of the records for questioning, and an individual with whom Flores currently resided, also for questioning.

When Mazzie Atkinson testified, she identified the town in which she resided. When asked her specific address, the prosecutor objected, and a hearing was conducted outside the presence of the jury. Atkinson testified that she had been at her present address for only three weeks and that she did not want to reveal the specific address in order to protect the person with whom she was living, and because she was afraid of appellant and his friends. During voir dire, Atkinson stated that she had resided with her brother immediately before moving to her current residence with another individual. She further testified that her brother lived in the same town, and that her current address was seven or eight miles from that of her brother. Appellant's co-defendant claimed that the State failed to show sufficient basis for Atkinson's fear and that Atkinson should be required to testify because she was afraid only of appellant, and not of his co-defendant. He further pointed out that Atkinson admitted to being a narcotics addict, that she had lied to police, and that she had been involved in a series of crimes.

The prosecutor argued that appellant was able to place the witness in her back-

ground because she had been appellant's co-defendant's roommate. The State further argued that Atkinson's need for protection outweighed appellant's right to obtain the exact address because Atkinson had resided at her present address for only a brief length of time, and because Atkinson was afraid of appellant, and had reason to be. The court sustained the prosecutor's objection. Appellant was allowed to ask, however, whether the individual with whom Atkinson currently resided sold or used narcotics, or if Atkinson used narcotics.

The record further reflects that appellant extensively cross-examined both witnesses, that Flores admitted she had lied both in a sworn statement to the prosecutor and in her testimony to the grand jury, and that Atkinson had also lied to the police.

Appellant relies principally on two United States Supreme Court cases. In *Alford v. United States*, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931), the Court held that the defendant's Sixth Amendment right to confrontation was denied when the court allowed a witness to refuse to disclose his address. It stated, "Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them." 282 U.S. at 692, 51 S.Ct. at 219. In *Smith v. Illinois*, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968), the Court found that the defendant was denied his Sixth Amendment right of confrontation when the purchaser of illegal drugs from the defendant was allowed not to give his real name and current address. The Court stated,

> The question, 'Where do you live?' was not only an appropriate preliminary to the cross-examination of the witness, but on its face, without any such declaration of purpose as was made by counsel here, was an essential step in identifying the witness with his environment, to which

cross-examination may always be directed.

390 U.S. at 132, 88 S.Ct. at 750.

The Texas Court of Criminal Appeals interpreted the Supreme Court's rationale behind such cases as holding that no criminal defendant should be denied effective cross-examination. *Carmona v. State*, 698 S.W.2d 100, 104 (Tex.Crim.App.1985).[1] The Court has further stated that in order to be entitled to obtain a witness's address, when disclosure would threaten the safety of the witness or the witness's family, the defendant must show a pressing and particularized need. *Saunders v. State*, 572 S.W.2d 944, 949 (Tex.Crim.App.1978). Appellant claims that *Alford* and *Smith* do not require him to show a particularized need in order to have a witness disclose his residence address because both cases held that a defendant need not show that cross-examination will bring out facts that tend to discredit the witness. *Alford*, 282 U.S. at 692, 51 S.Ct. at 219–20; *Smith*, 390 U.S. at 132, 88 S.Ct. at 750. However, neither *Alford* nor *Smith* were cases in which the Supreme Court dealt with threats to witnesses. In *Smith*, a concurring opinion dealt with this issue by stating that inquiries of a witness's residence, which tend to endanger the witness, are in the same category as normal cross-examination questions except that the State should come forward with a showing as to why the witness must be excused from answering, and then the judge can ascertain the interest of the defendant in making his ruling. 390 U.S. at 133–134, 88 S.Ct. at 751 (White, J., concurring).

When the Texas Court of Criminal Appeals was faced with the question of a defendant's right to cross-examine a witness regarding his residence when the witness had been threatened, the Court held, "The trial judge may properly limit the subject of cross-examination to exclude inquiry as to the town in which the witness resides so long as the defendant is not denied a thorough and effective cross-examination." *Saunders*, 572 S.W.2d at 949.

---

**1.** Indeed, the United States Supreme Court has held that denial of a defendant's right of effective cross-examination is "constitutional error of the first magnitude." *Smith v. Illinois*, 390 U.S. 129, 131, 88 S.Ct. 748, 750, 19 L.Ed.2d 956 (1968).

In the present case, appellant was allowed to elicit from both witnesses the city in which each resided at the time of trial, and appellant was not otherwise denied a thorough and effective cross-examination. The record reflects that both witnesses were extensively impeached by proving that each had lied on other occasions. Appellant was able to show, as discussed before, that Flores had lied both in a sworn statement to police and in testimony she gave to the grand jury, and that Atkinson had also lied to police. The trial court also allowed appellant an opportunity to discover further evidence with which to impeach Flores, in that he was also allowed to review Flores's job application and to talk to both the custodian of the application and a person with whom she currently resided. The court's limitation of appellant's questioning as to residence only to the town in which the witnesses resided, in light of the entire record in this case, did not deny appellant "the opportunity to place the witness(es) in (their) proper setting and put the weight of (their) testimony and (their) credibility to a test." *Saunders*, 572 S.W.2d at 949. We conclude that the appellant's constitutional rights to effective cross-examination and confrontation were not unreasonably abridged, much less denied.

Appellant's only point of error is overruled.

The judgment of the trial court is affirmed.

