BOWEN, Presiding Judge,
dissenting.
I dissent from that part of the majority opinion that holds that the trial court committed no error in restricting the appellant’s cross-examination of the informant.
The informant testified that she was paid 10% by the police on every drug transaction she set up. She admitted that she received $300 in this case. She stated that she had been acting as an informant for eight or nine years. She claimed that during that time she had been paid less than $1,000 total. Defense counsel was not allowed to question the informant about that amount, or to ask whether she had kept records of her pay as an informant.
The informant testified that she had turned in her former husband for drug dealing, but that she had not turned in her current boyfriend, who was one of the appellant’s drug customers. Defense counsel was not permitted to ask the informant whether she had ever been arrested or convicted on drug charges.
I believe the questions the appellant wanted to ask were relevant to show the informant’s possible bias and should have been allowed.
“It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even though he is unable to state to the court what facts a reasonable cross-examination might develop. Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them.”
Alford v. United States, 282 U.S. 687, 692, 51 S.Ct. 218, 219, 75 L.Ed. 624 (1931). “Especially should great latitude be allowed when, as here, the key prosecution witness is also a professional informant.” United States v. Alvarez-Lopez, 559 F.2d 1155, 1160 (9th Cir.1977).