This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Scott F. Ellis, appeals his conviction in the Wayne County Municipal Court. We affirm.
 I.
Officer Robert Pauley of the City of Rittman Police Department testified that on August 20, 1999 at approximately 1:53 a.m., a white Jeep Cherokee drove past him while he was stopped at a stop sign. He did not recognize the car or the driver, but decided to follow it. Subsequently, the vehicle made a wide right turn onto Seneca Street, crossing over into the oncoming lane of traffic. When the vehicle turned onto Beech Street, Officer Pauley turned on his lights, and the automobile pulled into a church parking lot. Officer Pauley testified that he immediately recognized Mr. Ellis, as he knows Mr. Ellis and his family. Officer Pauley noted that Mr. Ellis was unsteady on his feet and needed to hang onto the jeep for stability. Officer Pauley also noticed a strong odor of alcohol. Officer Pauley performed the horizontal nystagmus test, which indicated that Mr. Ellis was under the influence of alcohol. Next, he asked Mr. Ellis to recite the alphabet. Mr. Ellis was able to recite the alphabet up to the letter "G" before his speech became unintelligible. Mr. Ellis refused to perform two other sobriety tests and also refused to take a Breathalyzer test. Mr. Ellis admitted to consuming six beers and two mixed drinks.
Mr. Ellis and Amy Hammer, then his girlfriend, told a different version of events. Both testified that because Ms. Hammer was feeling ill (due to consuming prescription painkillers and beer), Mr. Ellis offered to drive her to his home in her Jeep Cherokee. He left his own vehicle in the parking lot of the Moose Lodge, a local tavern, where they had been imbibing. They both denied ever driving on Seneca Street, as Officer Pauley testified, but rather, claimed to have taken a right turn onto Gish Road, stopping at the car wash parking lot so that Ms. Hammer could vomit. Thereafter, they drove a little further before pulling into a church parking lot, so that Ms. Hammer could become ill. They both testified that they were in the parking lot for about ten minutes before Officer Pauley arrived. Mr. Ellis testified that when Officer Pauley exited his police cruiser, he said "Mr. Ellis I have you now" and accused Mr. Ellis of nearly side-swiping his police cruiser near a local bowling alley. According to Mr. Ellis, he vehemently denied being anywhere near the bowling alley. Subsequently, Mr. Ellis performed the two aforementioned sobriety tests; however, contrary to Officer Pauley's testimony, Mr. Ellis testified that while he was reciting the alphabet, Officer Pauley cut him off at letter "D." Mr. Ellis stated that he thought Officer Pauley would lie about the results of the tests, so he refused to take the remaining sobriety tests, including the Breathalyzer test.
Mr. Ellis admitted to consuming six beers and two mixed drinks; however, he explained that he drank these beverages intermittently throughout the day, beginning at around 2:00 p.m. on August 19, 1999. He denied being intoxicated at the time he was arrested.
Ms. Hammer opined that they had taken an indirect route to Mr. Ellis' home in order to avoid the police, reasoning that the logical thing to do if one has been drinking is not to take the main streets. Conversely, Mr. Ellis testified that he had taken the indirect route because he felt that he was being targeted by the Rittman Police and wished to avoid any altercations with them. Mr. Ellis believed he was being targeted because he had been acquitted by a jury in a trial involving Officer Pauley and the Rittman Police Department; however, during the time period between his acquittal and the trial in the present case, Mr. Ellis testified that he had not received any citations from the Rittman Police Department.
Officer Pauley arrested Mr. Ellis and cited him for operating a motor vehicle while under the influence of alcohol, in violation of R.C.4511.19(A)(1), and for failure to stay within marked lanes, in violation of R.C 4511.33. Mr. Ellis pleaded not guilty, and a jury trial was held on February 15, 2000. Mr. Ellis was found guilty on both counts and sentenced accordingly. This appeal followed.
 II.
Mr. Ellis asserts two assignments of error. We address each in turn.
 A. First Assignment of Error The trial court erred by excluding relevant evidence that attacked the arresting officer's credibility and supported the appellant's theory of the case, thereby depriving the appellant of his right to confront the witness and to due process of law as guaranteed by the United States Constitution and the Constitution of the State of Ohio.
In his first assignment of error, Mr. Ellis contends that "the trial court erred by excluding evidence of [Officer Pauley's] prior conduct toward [Mr. Ellis], which would have demonstrated exactly what the defense had been saying all along: that Officer Pauley was out to get [Mr. Ellis], and was willing to lie to do so." Therefore, he argues that the trial court impermissibly limited the cross-examination of Officer Pauley, and in doing so, violated his right to confront the witness and to due process of law, as guaranteed by the United States and Ohio Constitutions.
An appellant shall include in his brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7); see, also, Loc.R. 7(A)(6). In his appellate brief regarding his first assignment of error, Mr. Ellis neither specifies which evidence was improperly excluded by the trial court, nor does he cite to specific portions of the transcript dealing with evidence which was allegedly improperly excluded. Furthermore, although it appears that Mr. Ellis contends that the trial court erred in excluding evidence regarding how Mr. Ellis had been found not guilty in a jury trial that had occurred less than one month prior to the trial in the present case, and which involved Officer Pauley, the trial court overruled the State's objection as to that evidence and permitted defense counsel to proceed with questions on that topic. Accordingly, Mr. Ellis' first assignment of error is overruled.
 B. Second Assignment of Error The trial court erred and abused its discretion in unduly limiting the cross-examination of the arresting officer on an issue affecting credibility, when the arresting officer's testimony was vital to the state's case.
In his second assignment of error, Mr. Ellis avers that the trial court erred in limiting his cross-examination as to a specific instance of conduct during which Officer Pauley and two other police officers allegedly tricked Mr. Ellis into leaving his home so that they could execute an arrest warrant, which was issued due to Mr. Ellis' failure to appear at a court proceeding. Mr. Ellis argues that this evidence bears upon Officer Pauley's credibility as it was probative of Officer Pauley's willingness to lie to get him, and therefore, the trial court erred in limiting defense counsel's cross-examination. We disagree.
A defendant has the right to cross-examine a witness, including the right to impeach a witness's credibility, but the "`extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court.'" State v. Green
(1993), 66 Ohio St.3d 141, 147, quoting Alford v. United States (1931),282 U.S. 687, 694, 75 L.Ed. 624, 629. Thus, absent an abuse of discretion on such rulings, this court must affirm the trial court's decision. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
"Cross-examination shall be permitted on all relevant matters and matters affecting credibility." Evid.R. 611(B). Evid.R. 608(B) permits a witness to be impeached by specific acts of untruthfulness on cross-examination. Evid.R. 608(B) provides:
 Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness * * * may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness concerning the witness's character for truthfulness[.]
In the present case, defense counsel proffered that Officer Pauley and two other police officers went to Mr. Ellis' residence to execute an arrest warrant. One of the officers (not Officer Pauley), who was dressed in plain clothes, knocked on Mr. Ellis' door and told him that he was in need of assistance in order to lure Mr. Ellis out of his home. Although Officer Pauley may have known that his fellow officer was not in need of assistance, we cannot say that this specific instance of conduct was clearly probative of Officer Pauley's untruthfulness, as Mr. Ellis contends. We are, therefore, unable to conclude that the trial court abused its discretion, in limiting defense counsel's cross-examination of Officer Pauley in this manner. Mr. Ellis' second assignment of error is overruled.
 III.
Appellant's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
 FOR THE COURT
BAIRD, J., WHITMORE, J., CONCUR