BARHAM, Justice
(dissenting).
The majority has erred by applying a Fifth Circuit case, United States v. Alston, 460 F.2d 48 (5th Cir. 1972), cert. denied, 409 U.S. 871, 93 S.Ct. 200, 34 L.Ed.2d 122 (1972), when that case is factually inappo-site.
Alston does not modify the United States Supreme Court holdings in Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968), and Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931). In Smith a State witness revealed that the name he gave was not his real name. The trial court refused to allow the defendant to ask the witness his real name and address. The Supreme Court reversed, and the language used should govern the case before us:
“In the present case there was not, to be sure, a complete denial of all right of cross-examination. But the petitioner was denied the right to ask the principal prosecution witness either his name or where he lived, although the witness admitted that the name he had first given was false. Yet when the credibility of a witness is in issue, the very starting •point in ‘exposing falsehood and bringing out the truth’ through cross-examination must necessarily be to ask the witness who he is and where he lives. The witness’ name and address open countless avenues of in-court examination and out-of-court investigation. To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself.
“In Alford v. United States, 282 U.S. 687, 75 L.Ed. 624, 51 S.Ct. 218, this Court almost 40 years ago unanimously reversed a federal conviction because the trial judge had sustained objections to questions by the defense seeking to elicit the ‘place of residence’ of a prosecution witness over the insistence of defense counsel that ‘the jury was entitled to know “who the witness is, where he lives and what his business is.” ’ 282 U.S., at 688-689, 75 L.Ed. at 626. What the Court said in reversing that conviction is fully applicable here:
“ ‘It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even though he is unable to state to the court what facts a reasonable cross-examination might develop. Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them. . . . To say that prejudice can be established only by showing that the cross-examination, if pursued, would necessarily have brought out facts tending to discredit the testimony in chief, is to deny a substantial right and withdraw one of the safeguards essential to a fair trial. .
“ ‘ . . . . The question “Where do you live ?” was not only an appropriate preliminary to the cross-examination of the witness, but on its face, without any such declaration of purpose as was made by counsel here, was an essential step in identifying the witness with his environment, to which cross-examination may always be directed. .
<< * * *
“ ‘The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court. It may exercise a reasonable judgment in determining when the subject is exhausted. . . . But no obligation is imposed on the court, such as that suggested below, to protect a witness from being discredited on cross-examination, short of an attempted invasion of his constitutional protection from self incrimination, properly invoked. There is a duty to protect him from ques *270 tions which go beyond the bounds of proper cross-examination merely to harass, annoy or humiliate him. But no such case is presented here. . . . ’ 282 U.S., at 692-694, 75 L.Ed. 627-629.
“In Pointer v. Texas, supra, the Court made clear that 'the right of an accused to be confronted with_ the wit_-_ nesses against him must be determined by the same standards whether the right is denied in a federal or state proceeding . . . .’ 380 U.S., at 407-408, 13 L.Ed.2d 928. In this state case we follow the standard of Alford and hold that the petitioner was deprived of a right guaranteed to him under the Sixth and Fourteenth Amendments of the Constitution.” (Emphasis here and elsewhere supplied.)
The majority in the instant case tries to avoid the application of Smith and Alford, saying that Alston is more similar. In Alston, the Fifth Circuit restricted cross-examination where it would subject the witness to personal danger. That the witness might be placed in jeopardy if he revealed his home address was factually established at the trial. Such a situation had already been dealt with in Smith in the concurring opinions of Justices White and Marshall:
“Mr. Justice WHITE, with whom Mr. Justice MARSHALL, joins, concurring.
“In Alford v. United States, 282 U.S. 687, 694, 51 S.Ct. 218, 220, 75 L.Ed. 624 (1931), the Court recognized that questions which tend merely to harass, annoy, or humiliate a witness may go beyond the bounds of proper cross-examination. I would place in the same category those inquiries which tend to endanger the personal safety of the witness. But in these situations, if the question asked is one that is normally permissible, the State or the witness should at the very least come forward with some showing of why the witness must be excused from answering the question. The trial judge can then ascertain the interest of the defendant in the answer and exercise an informed discretion in making his ruling. Here the State gave no reasons justifying the refusal to answer a quite usual and proper question. For this reason I join the Court’s judgment and its opinion which, as I understand it, is not inconsistent with these views. I should note in addition that although petitioner and his attorney may have known the witness in the past, it is not at all clear that either of them had ever known the witness’ real name or knew where he lived at the time of the trial.”
Thus, the Fifth Circuit case really decided nothing new nor did it create an exception to the Smith and Alford rulings.
The majority’s real error is their finding that the witness in the case we consider would be exposed to danger if his residence address were given. The majority do not detail, for they cannot, any evidence that the witness in this case would be exposed to possible threats or harm. Rather, they rely upon an after-trial per curiam statement of personal opinion by the trial judge to support their finding. There is nothing in the record showing that the State or the witness gave any reasons upon which the trial judge could base his opinion; rather it appears in the per curiam itself, which is quoted by the majority, that the trial judge’s opinion was based merely on general observations rather than upon the exercise of “informed discretion.” As opined in the Alford concurrence, the State or the witness must at least come forward with some showing as to why the witness should be excused from the usual confrontation by cross-examination. It concerns me greatly that the majority, through misuse of the trial court per curiam, contorted the facts of our case. It further concerns me that they have ignored the clear and concise holdings of two United States Supreme Court cases and they have reached for a factually distinguishable case of a federal appellate court in order to reach the result obtained.
I respectfully dissent.