■ STEFAN WASILEWSKI, Doing Business as S.W. ENTER-PRISES, Respondent, v DALTON SCHOOL, INC., Doing Business as DALTON SCHOOL, Appellant, et al., Defendant.—Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered September 25, 1990, which, after a jury trial, found in favor of plaintiff for work, labor and services performed, unanimously affirmed, with costs.

Zimmerman, the architect who acted as agent for the school, met with plaintiff in the summer of 1985 to discuss two projects. At the end of August of that year, Zimmerman instructed plaintiff to commence work on the projects despite the fact that the plans and specifications had not been formalized and the parties' agreement had not been reduced to a written contract. The first project was substantially completed in October 1985 and the second project was substantially completed in November 1985.

Plaintiff billed defendant for both projects the amount of $95,365 of which defendant had already paid $52,000. Plaintiff then instituted this action against defendant and Zimmerman for the balance due and defendant counterclaimed for damages due to alleged delays. As noted, the jury accepted plaintiff's billing and rejected Dalton School's counterclaims, the court having dismissed the action against Zimmerman.

Defendant challenges the court's *in limine* ruling limiting introduction of evidence on the counterclaim. This ruling was clearly proper since at this stage of the trial it was clear that the alleged delay damages could not have been reasonably foreseen or contemplated by plaintiff at the time the contract was entered into. Indeed, there was never any specific time of performance agreed to by the parties during negotiations.

Defendant claims the trial court should have permitted it to introduce tax documents both to prove that plaintiff improperly billed defendant for labor on the projects and to challenge plaintiff's credibility. However, under the circumstances, the trial court did not abuse its discretion by determining that the tax documents were collateral *(see, Alford v United States,* 282 US 687, 694).

Plaintiff was entitled to prejudgment interest as a matter of law *(see,* CPLR 5001). Such interest was requested in the application to the trial court before a judgment had been signed, and accordingly the trial court properly determined that prejudgment interest should be awarded from the date the cause of action arose.

We have considered defendant's other argument and find it to be without merit. Concur—Sullivan, J. P., Milonas, Kupferman, Ross and Smith, JJ.