OPINION
{¶ 1} Defendant-appellant, LaDonna Ray, appeals her conviction in the Butler County Court of Common Pleas for aggravated assault. We affirm the decision of the trial court.
 {¶ 2} On November 19, 2000, Shawntee Thompson and appellant were in the L K Lounge, located in the city of Hamilton. According to Shawntee's version of the events, she was speaking with appellant's former boyfriend, Dion Curtis, when appellant began giving her "dirty looks." Appellant's son, Keith Conley, then approached Shawntee and advised her to stay away from his mother. Shawntee exited the lounge with her friend, Mona Curtis, but returned shortly thereafter to retrieve her purse. Upon returning, she noticed a fight had ensued between Keith and Dion. Keith picked up a bottle and threw it at Dion, but the bottle struck Terry Curtis, causing her to bleed profusely. Shawntee then headed towards the restrooms.
 {¶ 3} Before reaching the restrooms, Shawntee encountered appellant. Shawntee admonished appellant for allowing her son to cause the fight. Appellant then advanced toward Shawntee and punched her in the face. Shawntee attempted to defend herself by punching back at appellant. During the fight, Shawntee saw a silver instrument, approximately five to six inches long, in appellant's hand. Appellant "plunged" the silver instrument towards Shawntee. Shawntee then felt a sharp, burning sensation on her face and thought she was being scratched. Shawntee had slash marks on her left cheek, her left ear lobe was split, and her scalp was slashed.
 {¶ 4} According to appellant's version of the events, she was talking to a friend at the L K Lounge when Shawntee initiated the confrontation by pushing and elbowing her. Appellant testified that she told Shawntee, "I ain't on this," meaning she was not looking for a fight with her. Appellant claimed she gestured for her son to come over so they could exit the lounge together because she wanted to distance herself from Shawntee. When Keith approached, he reprimanded Shawntee for elbowing his mother and "hating on her." Appellant testified that while she was attempting to leave the lounge with Keith, they walked past Dion and a confrontation ensued between Keith and Dion. While the fight between Dion and her son distracted appellant, Shawntee approached her from behind, grabbed her by the hair, and pulled her to the ground. Appellant testified that Shawntee "got on top" of her, pinned her to the ground, face down, and "she was banging my head in — in the ground." Appellant also testified that she freed an arm and, in an attempt to defend herself, she swung at Shawntee while she had her car keys in her hand. However, appellant maintains she never struck Shawntee in the face and the cuts to her face are a result of coming into contact with broken glass from the bottle Keith threw at Dion.
 {¶ 5} Shawntee was arrested and convicted of a misdemeanor as a result of the confrontation. Appellant was also arrested and charged with aggravated assault. Appellant plead not guilty and proceeded to a bench trial with counsel. At trial, appellant attempted to cross-examine Shawntee about her misdemeanor conviction. The trial court limited cross-examination regarding Shawntee's conviction, based on a concern that it was a collateral issue. After the close of evidence, appellant was found guilty of aggravated assault. Appellant appeals the conviction, raising two assignments of error.
Assignment of Error No. 1
 {¶ 6} "The court erred in limiting cross examination [sic]."
 {¶ 7} Appellant argues that the trial court "erred in limiting cross examination [sic] of the alleged victim's conviction for the same incident as charged in the indictment." Appellant contends that the introduction of Shawntee's conviction would directly effect her credibility and would have supported appellant's claim of self-defense.
 {¶ 8} The Sixth Amendment to the United States Constitution provides a defendant the right to confront and cross-examine witnesses on relevant issues. See Delaware v. Van Arsdall (1986), 475 U.S. 673,678-79, 106 S.Ct. 1431. However, the Ohio Supreme Court has held that although the "[c]ross-examination of a witness is a matter of right, * * * the `extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court.'" State v.Green, 66 Ohio St.3d 141, 147, 1993-Ohio-26, quoting Alford v.United States (1931), 282 U.S. 687, 694, 51 S.Ct. 218. Therefore, a trial court is given considerable discretion "to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." State v.Lute (Nov. 22, 2000), Lorain App. No. 99CA007431, at 17, quoting Delawarev. Van Arsdall (1986), 475 U.S. 673, 679, 106 S.Ct. 1431. It is within a trial court's discretion to determine whether testimony is relevant, and an appellate court may not interfere with a trial court's decision absent an abuse of discretion. State v. Younker, Darke App. No. 02CA1581, 2002-Ohio-5376, at ¶ 9. An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v. Crown City Mining, Inc. (1993), 90 Ohio App.3d 546,552.
 {¶ 9} The trial court limited cross-examination of Shawntee with regard to her conviction resulting from the fight with appellant. The trial court stated, "the evidence may be presented differently today then it was presented at the Hamilton Municipal Court hearing, if, [Shawntee] was convicted. So, what I'm going to do is * * * just listen to the facts of the case." However, appellant was not precluded from cross-examining Shawntee on the statements she gave under oath at the Hamilton Municipal Court hearing. The court asked, "is it being used to impeach her credibility? * * * you can use it to impeach her credibility * * * if she denies it, then you can use it for that purpose."
 {¶ 10} The trial court's decision to limit cross-examination was not unreasonable, arbitrary, or unconscionable. Therefore, the trial court did not abuse its discretion. The first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 11} "The evidence presented was insufficient/the conviction was against the manifest weight of the evidence."
 {¶ 12} In the second assignment of error, appellant presents two issues for our review. We will discuss sufficiency of the evidence first. When determining whether a conviction is supported by sufficient evidence, an appellate court reviews the evidence in a light most favorable to the prosecution, and considers whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 13} In order to consider the weight and sufficiency of the evidence in this case, the elements of the crimes must be considered. In order to prove aggravated assault, the state must prove (1) that in a fit of rage or sudden passion, (2) the defendant knowingly caused or attempt to cause physical harm to another, (3) by means of a deadly weapon. R.C.2903.12. See, also, State v. Kehoe (1999), 133 Ohio App.3d 591, 599.
 {¶ 14} Viewing the evidence in a light most favorable to the prosecution, appellant confronted Shawntee for speaking to her former boyfriend, then she initiated a fist fight, and during the fight she used a bladed instrument to cut Shawntee's face. We conclude that reasonable fact-finders could have found beyond a reasonable doubt that appellant knowingly caused physical harm to Shawntee with a deadly weapon.
 {¶ 15} We next discuss the manifest weight of the evidence. When deciding whether a conviction is supported by the manifest weight of the evidence, a court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the fact-finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. An appellate court should vacate a conviction and grant a new trial only when the evidence weighs strongly against the conviction. State v. Martin
(1983), 20 Ohio App.3d 172, 175. In addition, the reviewing court must be aware that the original trier of fact was in the best position to judge the credibility of the witnesses and the weight to be given to the evidence presented. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 16} In support of her position, appellant cites what she contends are contradictory elements of the state's case. For example, appellant indicates that a state's witness, Mona Curtis, testified that Shawntee was found on top of appellant, beating her. Appellant maintains this confirms that she was acting in self-defense. However, Mona testified that she did not see the beginning of the fight. Furthermore, Mona testified that Shawntee's face was covered in blood, and Mona rushed her to the hospital. Additionally, appellant asserts that no deadly weapon was found on her person because no deadly weapon was used in the fight.
 {¶ 17} The trial court reviewed Shawntee's medical records and viewed the scars on her person. The trial court determined that "the wounds themselves were too deep, too straight edged to be anything else other than the result of a knife or blade." Therefore, the trial court believed that a deadly weapon was used. Furthermore, the court determined that self-defense was not available because, under the circumstances, reasonable force was exceeded.
 {¶ 18} Based on our review of the record, we are unpersuaded that the finder of fact lost his way and created a manifest miscarriage of justice. The second assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.