Filed 6/26/13  Holland v. Super. Ct. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CHRISTOPHER MELVIN HOLLAND, | H038872 |
| Petitioner, | (Santa Clara County Super. Ct. No. CC783064) |
| v. | |
| THE SUPERIOR COURT OF SANTA CLARA COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

Petitioner Christopher Melvin Holland is charged with special-circumstance murder.  He seeks a writ of mandate following the superior court's denial of his motion to compel production of unredacted police reports and identifying information for certain witnesses on the People's witness list.  He contends that the reciprocal discovery statutes and due process require the People to produce this information.  We agree.  We therefore grant the petition.

BACKGROUND

On December 3, 2007, the People charged Holland with rape-murder special circumstance and an enhancement for the personal use of a deadly weapon for the alleged crime on August 7, 1983. (Pen. Code, §§ 187, 190.2, subd. (a)(17).)[1]

Before the preliminary examination, the People provided Holland with redacted police reports that included the names of people interviewed but removed the occupation, race, sex, date of birth, age, and telephone number of witnesses.[2] The People did not explain why they blacked out this information, did not claim it had been redacted to protect witnesses, and did not ask the court to find good cause to redact before doing so. Separately, the People produced copies of reports by district attorney investigators but redacted all contact and other identifying information listed in those reports. Holland asked for the unredacted contact information, and on March 15, 2011, the People sent him a list of potential witness names without any identifying information; five names of which were listed with "address unknown."[3]

On July 31, 2012, Holland filed a motion to compel disclosure of the unredacted police reports as well as the addresses or other identifying contact information for the "address unknown" witnesses listed on the People's list. In that motion, he stated that, without more information than the names of witnesses, "it is virtually impossible for the defense to locate, interview or investigate the credibility and reputation of these

---

[1] Further unspecified statutory references are to the Penal Code.
[2] Also blacked out were license plate numbers of vehicles parked near the crime scene, prescription numbers for controlled substances recovered during police investigation, and the serial number of an abandoned bicycle found near the crime scene, but the prosecutor has since provided this information.
[3] These five names include Deloris Hernandez, Debra Walker, Melanie Swain, Virginia Stewart, and James Freitas, for whom no identifying information has been provided.

2

witnesses." Holland argued that both statutory and due process obligations require the People to produce this information as discovery.

On August 7, 2012, the People filed their opposition to the motion on the ground that they did not have the addresses or contact information for certain witnesses. The People contended that no law supports Holland's argument and clarified that "we haven't nailed down [the witnesses] most current address[es]." The People argued that the identifying information was nevertheless irrelevant and immaterial because they would not seek to admit into evidence such information as a testifying witness's date of birth. Further, the People stated, with regards to witness Christine Henderson (Ms. Henderson) in particular, that they no longer had her valid phone number and address.[4]

At the hearing on September 12, 2012, the superior court denied the motion to compel, stating the following: "With respect to the provision of general identifying information such as occupation, race, gender, age and date of birth, I'm not going to order that . . . information be provided . . . . [¶] . . . [¶] With respect to the witness who refuses to provide her current address or contact information, the People are apparently contacting her at this time exclusively through an attorney. I understand that the defense has that same information. There is no requirement that the People go out and actively seek other information, although it appears they are doing so with no results, and the defense has the same opportunity, it appears, to contact this witness as do the People. [¶] And for that reason, I am not going to order that they provide any phone numbers or materials other than the contact information they have, which is as the attorney previously discussed."

---

[4] On December 13, 2012, there was a preliminary examination in a separate case against Holland. During the examination, an investigator for the People described his May 2010 interview with witness Ms. Henderson. The investigator testified that he knew Ms. Henderson's last known address. The People successfully objected on grounds of relevance to further inquiries on the subject of Ms. Henderson's whereabouts.

On October 11, 2012, Holland filed the instant writ petition, challenging the superior court's denial of the motion to compel. On December 5, 2012, this court issued a temporary stay of trial proceedings and solicited preliminary opposition. On January 29, 2013, we issued an order to show cause.

MOOTNESS

In this petition, Holland seeks review of the order denying his motion to compel the People's production of unredacted police reports and identifying information for "address unknown" witnesses on the People's witness list. The People preliminarily urge that the issue is moot because the requested information has been provided. We disagree.

"A case is moot when any ruling by this court can have no practical impact or provide the parties effectual relief." (*Woodward Park Homeowners Assn. v. Garreks*, *Inc.* (2000) 77 Cal.App.4th 880, 888.) " 'However, if a matter is of general public interest and is likely to recur in the future, a resolution of the issue by the court is appropriate. [Citation.] In addition, cases are not moot when they present questions that are capable of repetition, yet evade review' " (*Corrales v. Bradstreet* (2007) 153 Cal.App.4th 33, 46), or where any issues remain to be litigated, as "even the availability of a 'partial remedy' is 'sufficient to prevent [a] case from being moot.' " (*Calderon v. Moore* (1996) 518 U.S. 149, 150.) "Another exception exists when, despite the happening of a subsequent event, material questions remain for the court's determination." (*Building a Better Redondo*, *Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 867.)

Here, though the People have provided some unredacted police reports,[5] they still refuse to produce former addresses or other identifying information that would allow Holland to locate several witnesses named on the People's witness list with "address unknown." These witnesses are expected to testify to Holland's alleged comments about

---

[5] *Ante*, footnote 2.

4

his role in the charged crime and, under Evidence Code section 1108,[6] about prior uncharged offenses. Further, as to one witness, Ms. Henderson, the People professed at the December 13, 2012 preliminary examination that they did not have a current address but conceded that they had a former "out of state" address.

Thus, the People have not provided all of the requested information and relief may be granted to Holland by compelling disclosure of the remaining information. Therefore, the issue is not moot.

<u>DUTY TO DISCLOSE</u>

Holland contends that disclosure of the unredacted police reports and identifying information for certain witnesses on the People's witness list is required under the Due Process Clause of the Fourteenth Amendment, or section 1054.1. We agree.

The People have a constitutional and statutory obligation to disclose certain types of information to the defense. (*Brady v. Maryland* (1963) 373 U.S. 83; § 1054.1, subds. (a), (e).)

Under California discovery statutes, the People have a duty to provide, among other things, "[t]he names and addresses of persons the prosecutor intends to call as witnesses at trial" and "[a]ny exculpatory evidence" (§ 1054.1, subds. (a), (e)) that is "known or is reasonably accessible." (*In re Littlefield* (1993) 5 Cal.4th 122, 136 (*Littlefield*).) A petitioner does not need to establish the materiality of the evidence he seeks in order to obtain it before trial; materiality is relevant only to a claimed discovery violation after trial, not to the scope of the duty to disclose in the first place. (*Barnett v. Superior Court* (2010) 50 Cal.4th 890, 901.)

---

[6] Evidence Code section 1108 provides that, in criminal actions in which the defendant is accused of a sexual offense and in which the People plan to disclose evidence of defendant's commission of another sexual offense, the People shall disclose such evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered.

Separately, the Due Process Clause of the federal Constitution requires that the prosecution disclose information that is both material and exculpatory. (*Brady v. Maryland*, *supra*, 373 U.S. at p. 87.) "[W]e have held that such duty is not fulfilled by the mere disclosure of the informant's name, but requires disclosure of information regarding the whereabouts of the informant as well." (*Littlefield*, *supra*, 5 Cal.4th at p. 132.) "What must be disclosed is the witness's 'identity'; not merely his name, but all pertinent information which might assist the defense to locate him." (*Eleazer v. Superior Court* (1970) 1 Cal.3d 847, 851 (*Eleazer*).) "These objectives reflect, and are consistent with, the judicially recognized principle that timely pretrial disclosure of all relevant and reasonably accessible information, to the extent constitutionally permitted, facilitates 'the true purpose of a criminal trial, the ascertainment of the facts.' " (*Littlefield*, *supra*, at pp. 130-131.) "Allowing an accused the right to discover is based on the fundamental proposition that he is entitled to a fair trial and an intelligent defense in light of all relevant and reasonably accessible information." (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531, 535.)

Here, Holland argues that section 1054.1, subdivision (a), requires the disclosure of relevant reports in their entirety and that the People violated this provision by redacting information. The People disagree and contend that section 1054.1, subdivision (a), only compels production of the names and addresses of witnesses if such data "is in the possession of the prosecuting attorney or if the prosecuting attorney knows it to be in the possession of the investigating agencies." The People state that since they are not in possession of the current addresses of witnesses listed as "address unknown," then they have no duty to seek out the information. The People further presume that section 1054.1, subdivision (a), requires disclosure of the witness's current addresses, and, therefore, if the witness moves, the prosecution need not turn over the new address. The People therefore argue that they do not have to provide the last known addresses for the "address unknown" witnesses on their list. We disagree with the People.

The California Supreme Court has held that section 1054.1 "reasonably should be interpreted to require both the prosecution and the defense to disclose the names and addresses of persons whom they intend to call as witnesses at trial, if such information is known or is reasonably accessible." (*Littlefield*, *supra*, 5 Cal.4th at pp. 135-136.)  The People do currently have access to a prior address of Ms. Henderson based on the testimony of the investigator during the preliminary examination.  Though it may be true that the People do not have current addresses for the "address unknown" witnesses, it does not follow, as the People presume, that section 1054.1, subdivision (a), requires disclosure of only the witness's current address.  Section 1054.1 requires the People to reveal the witness's name and address to allow the defense an opportunity to locate the witness.  It is reasonable that the Legislature would expect the People to turn over the last known address even if it is known that the witness has since moved.  Therefore, the People have a duty to provide the last known address of the "address unknown" witnesses on their list.

Next, the People argue that under section 1054.7, which provides, in pertinent part, that "[t]he disclosures required under this chapter shall be made at least 30 days prior to the trial," there is no obligation to produce this information since a trial date has not been set.  We again disagree.

In *Magallan v. Superior Court* (2011) 192 Cal.App.4th 1444, 1460, we held that section 1054.7 requires the prosecution to provide required information to the defense *at least* 30 days before trial.  We further stated that "[i]t does not preclude a defendant from making an earlier discovery motion under Penal Code section 1054.5, nor does it preclude such a motion from being granted more than 30 days in advance of trial.  If the Attorney General's interpretation were correct, the prosecutor's discovery obligations would suddenly take effect 30 days before trial, and the defense would be deprived of the opportunity to prepare for trial before that time.  Such an interpretation would be completely at odds with the express statutory purposes of Chapter 10, which are to

promote 'timely pretrial discovery.' " (*Magallan v. Superior Court*, *supra*, at p. 1460.) Thus, Holland may request disclosure of information more than 30 days before trial.

Lastly, with regard to the duty to disclose as required by the federal Constitution, Holland contends that the reciprocity guarantee of the Due Process Clause compels disclosure of identifying information or prior addresses from the People's witness list. The People contend in response that there was no due process violation because they had no duty to conduct Holland's investigation for him. We disagree with the People.

In *Eleazer*, the police disclosed the name of a paid police informer who was a material witness but denied any knowledge of the informer's address or any way in which he could be contacted. (*Eleazer*, *supra*, 1 Cal.3d at p. 849.) The California Supreme Court held that with regard to a material witness, the People could not skirt the disclosure requirements by deliberately failing to learn the whereabouts of the witness, and refused to accept that "the prosecution automatically fulfills its obligation of disclosure when it reveals all that it knows, despite inadequacy of such data." (*Id.* at pp. 851-852.) It reasoned: "[t]he present case, moreover, does not merely involve an insufficiency of government knowledge; here the police deliberately resolved to make no effort to learn the residence of the informer or to establish a way by which to locate him. That the police did so without motive to harm the defendant, but to foster the security of the informer, does not afford a sufficient justification. . . . [¶] . . . [¶] . . . Due process requires . . . that the police and the district attorney undertake *reasonable efforts* in good faith to *locate* the informer so that either party or the court itself . . . could, if it so desired, subpena him as a witness." (*Id.* at pp. 851-853.)

In *Littlefield*, a public defender was held in contempt after refusing to comply with a discovery order. (*Littlefield*, *supra*, 5 Cal.4th at p. 125.) The Supreme Court held that a defendant with access to the address of a proposed witness was required to furnish the address to the prosecution. It reasoned that the law recognizes "implicitly, if not explicitly--that the disclosure of only the name of the witness whose identity must be

8

divulged prior to trial, unaccompanied by information regarding the whereabouts of that witness, generally would not fulfill the purpose of the disclosure requirement." (*Id.* at p. 132.) *Littlefield* concluded further that the reasoning in *Eleazer* applied to the parties' obligations under the reciprocal discovery statutes. (*Id.* at p. 133.)

The People have not provided any contact or identifying information for witnesses marked with "address unknown" beyond the witness's name. Though it is true that the People need not produce information that Holland could obtain through the exercise of due diligence, the "statutes and rules recognize--implicitly, if not explicitly--that the disclosure of only the name of the witness whose identity must be divulged prior to trial, unaccompanied by information regarding the whereabouts of that witness, generally would not fulfill the purpose of the disclosure requirement." (*Littlefield*, *supra*, 5 Cal.4th at p. 132.)

"Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them." (*Alford v. United States* (1931) 282 U.S. 687, 692.) "[W]hen the credibility of a witness is in issue, the very starting point in 'exposing falsehood and bringing out the truth' through cross-examination must necessarily be to ask the witness who he is and where he lives. The witness'[s] name and address open countless avenues of in-court examination and out-of-court investigation. To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself." (*Smith v. Illinois* (1968) 390 U.S. 129, 131, fn. omitted.) Locating the witnesses provides Holland with information about who the witnesses are, where they live, and what kinds of business or activities with which they are involved. (*Alford v. United States*, *supra*, at p. 689.) Thus, disclosure of a last known address or other identifying information is compelled by *Eleazer* and *Littlefield*.

The reciprocal discovery scheme is "to be interpreted to give effect to certain purposes, including preventing delay, saving time and promoting the ascertainment of

9

truth."  (*People v. Bowles* (2011) 198 Cal.App.4th 318, 326; see § 1054; see generally *Taylor v. Illinois* (1988) 484 U.S. 400, 410-411.)  The People's failure to turn over information which they alone appear to have access is inconsistent with these goals.

### DISPOSITION

The petition for writ of mandate is granted.  Let a peremptory writ of mandate issue, directing the superior court to vacate its September 12, 2012 order denying Holland's motion to compel disclosure and to enter a new order granting Holland's motion to compel.  The temporary stay order is vacated.

_____

Premo, Acting P.J.

WE CONCUR:

_____

Elia, J.

_____

Márquez, J.

10