The petition for a writ of certiorari is denied.
Justice SCALIA, with whom Justice THOMAS and Justice ALITO join, dissenting from denial of certiorari.
A criminal defendant "shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const., Amdt. 6. We have held that this right entitles the accused to cross-examine witnesses who testify at trial, and to exclude certain out-of-court statements that the defendant did not have a prior opportunity to cross-examine. Crawford v. Washington, 541 U.S. 36, 50-51, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) ; Davis v. Alaska, 415 U.S. 308, 315-317, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). We have never held-nor would the verb "to confront" support the holding-that confrontation includes the right to admit out-of-court statements into evidence. Nevertheless, the Sixth Circuit held not only that the Confrontation Clause guarantees the right to admit such evidence but that our cases have "clearly established" as much. We should grant certiorari and summarily reverse.
Respondent Junior Fred Blackston was convicted in Michigan state court of first-degree murder on the strength of the testimony of five people, some of whom participated in the crime. For reasons not relevant here, the court ordered a new trial. Before Blackston's retrial, however, two of the five witnesses signed written statements recanting their trial testimony. The prosecution called them at the second trial, but they refused to answer any questions. The trial court therefore pronounced them "unavailable" and, pursuant to a venerable hearsay exception, see Mich. Rule Evid. 804(b)(1) (2012); cf. 5 J. Wigmore, Evidence § 1370, p. 55 (J. Chadbourn rev. 1974), allowed their earlier testimony to be read to the jury. But the court refused to admit into evidence their written recantations.
*389 Blackston was once again convicted of first-degree murder and sentenced to life imprisonment. Affirming the conviction, the Supreme Court of Michigan held that the trial court's exclusion of the recantations was not error and, even if it was, was harmless beyond a reasonable doubt. 481 Mich. 451, 751 N.W.2d 408 (2008).
This petition for federal habeas relief followed. The District Court conditionally granted the writ, finding that the exclusion of the recantations violated Blackston's Sixth and Fourteenth Amendment rights. 907 F.Supp.2d 878 (E.D.Mich.2012). A divided Sixth Circuit panel affirmed. 780 F.3d 340 (2015). In the Court of Appeals' view, "[t]here is a clearly established right to impeach the credibility of an adverse witness using the witness's own inconsistent statements." Id., at 348. The recantations, reasoned the court, were inconsistent statements that had obvious impeachment value.
The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) prohibits federal courts from granting habeas relief unless the state court's decision "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (emphasis added). As the dissenting judge below pointed out, no case of ours establishes, clearly or otherwise, that the Confrontation Clause bestows a right to admit this kind of evidence. 780 F.3d, at 363-364 (opinion of Kethledge, J.). In fact we long ago suggested just the opposite. Mattox v. United States, 156 U.S. 237, 245-250, 15 S.Ct. 337, 39 L.Ed. 409 (1895). Each of the cases the Sixth Circuit relied on involved the defendant's attempting during cross-examination to impeach testifying witnesses, not unavailable declarants. See Olden v. Kentucky, 488 U.S. 227, 230, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988) (per curiam ); Delaware v. Van Arsdall, 475 U.S. 673, 676, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) ; Alford v. United States, 282 U.S. 687, 693, 51 S.Ct. 218, 75 L.Ed. 624 (1931). And just recently we said in Nevada v. Jackson, 569 U.S. ----, ----, 133 S.Ct. 1990, 1994, 186 L.Ed.2d 62 (2013) (per curiam ), that "this Court has never held that the Confrontation Clause entitles a criminal defendant to introduce extrinsic evidence for impeachment purposes." The Sixth Circuit thought the recantations here intrinsic, not extrinsic, and so beyond Jackson 's ambit. That is quite irrelevant. The pertinent question under AEDPA is whether our cases have clearly established a right, not whether they have failed to clearly foreclose it.
There may well be a plausible argument why the recantations ought to have been admitted under state law. See Mich. Rule Evid. 806. But nothing in our precedents clearly establishes their admissibility as a matter of federal constitutional law. AEDPA "provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." White v. Woodall, 572 U.S. ----, ----, 134 S.Ct. 1697, 1706, 188 L.Ed.2d 698 (2014). By framing the confrontation right at a high level of generality (making it the right "to impeach the credibility of an adverse witness"), the Sixth Circuit in effect "transform[ed] ... [an] imaginative extension of existing case law into 'clearly established' " law. Jackson, supra, at ----, 133 S.Ct., at 1994. That will not do.
The Sixth Circuit seems to have acquired a taste for disregarding AEDPA. E.g., Woods v. Donald, 575 U.S. ----, 135 S.Ct. 1372, 191 L.Ed.2d 464 (2015) (per curiam ); White v. Woodall, supra ;